**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
STATE OF NEW YORK,

                    Plaintiff,

        -against-                  **MEMORANDUM OF
DECISION AND ORDER**
12-cv-6276 (ADS)(ETB)

MOUNTAIN TOBACCO COMPANY, d/b/a
KING MOUNTAIN TOBACCO COMPANY
INC. and DELBERT WHEELER, Sr.,

                   Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Eric T. Schneiderman, Attorney General of the State of New York**
*Attorneys for the Plaintiff*
120 Broadway
New York, NY 10007
    Dana H. Biberman
    Marc A. Konowitz
    Sarah Beth Evans
    Assistant Attorney Generals

**Luebben Johnson & Barnhouse LLP**
*Attorneys for the Defendant Mountain Tobacco Company d/b/a King Mountain Tobacco Company, Inc.*
7424 4th St NW
Los Ranchos De Albuq, NM 87107
    By:  Randolph Barnhouse, Esq., Of Counsel

**Petrillo Klein & Boxer LLP**
*Attorneys for the Defendant Mountain Tobacco Company d/b/a King Mountain Tobacco Company, Inc.*
655 3rd Avenue, 22nd Floor
New York, NY 10017
   By:  Nelson A. Boxer, Esq.
        Jill Caroline Barnhart, Esq., Of Counsel


**NO APPEARANCE:**

*The Defendant Delbert Wheeler, Sr.*

1

**SPATT, District Judge**.

The following facts are drawn from the parties' pleadings for purposes of this order and do not constitute the findings of the Court.

The Defendant Mountain Tobacco Company, d/b/a/ King Mountain Tobacco Company Inc. ("King Mountain") is a corporation formed under the laws of the Yakama Nation of Indians and is engaged in the business of manufacturing, selling, transferring, transporting, and shipping cigarettes for profit. King Mountain offers cigarettes for sale, transfer, transport, and shipment throughout the United States, including New York. Although King Mountain is not owned or operated by the Yakama Nation Tribe, King Mountain is located within the Yakama Indian Reservation in the State of Washington. King Mountain's principal place of business and manufacturing facility are located at 2000 Fort Simcoe Road in White Swan, Washington. The former Defendant Mountain Tobacco Distributing Company Inc. ("Mountain Tobacco"), against whom the State of New York previously voluntarily dismissed this case, contracts with King Mountain to transfer and ship cigarettes throughout the United States. The Defendant Delbert Lauren Wheeler, Sr. ("Wheeler") is the President, co-founder, and 50% co-owner of King Mountain, and is the President and part-owner of Mountain Tobacco.

According to the State of New York, on November 6, 2012, investigators from the Office of the New York State Attorney General entered the Poospatuck Reservation in Mastic, New York, for the purpose of purchasing King Mountain brand cigarettes. One of these investigators entered the Rising Native Sisters smoke shop, which is located on the Poospatuck Reservation. He observed that the reservation smoke shop offered King Mountain brand cigarettes for sale, as well as other brands. Later that day, the investigator entered the Native Delight Smoke Shop,

which is also located on the Poospatuck Reservation, where he observed King Mountain brand cigarettes for sale. The investigator observed more than fifty cartons of King Mountain brand cigarettes for sale on display shelves. While in the Rising Native Sisters smoke shop, the investigator purchased one carton of King Mountain brand cigarettes for $25. The State of New York alleges that none of the cigarette packs in the purchased carton of King Mountain cigarettes bore a New York State cigarette tax stamp.

On December 3, 2012, the New York State police stopped and inspected a truck at a routine commercial check point in Clinton County. The truck was allegedly found to be carrying contraband cigarettes. During the inspection, the New York State Police discovered 140 cases of King Mountain cigarettes. The State of New York alleges that none of these 84,000 packs of cigarettes bore New York State tax stamps or had any indication on the packaging that the cigarettes were "fire-safe."

On December 21, 2012, the State of New York filed this complaint against King Mountain, Mountain Tobacco, and Wheeler, alleging violations of the Contraband Cigarette Trafficking Act, 18 U.S.C. §§2341-2346 ("the CCTA"), the Prevent All Cigarette Trafficking Act, 15 U.S.C. §§ 375-378 ("the PACT Act"), and New York State tax and executive laws concerning tax stamping and sale of cigarettes within the state. On February 12, 2013, the State of New York filed an amended complaint.

On April 3, 2013, the State of New York moved for a preliminary injunction enjoining the Defendants from selling, shipping, or distributing unstamped cigarettes into and within New York State. On April 9, 2013, the Court referred the motion for a preliminary injunction to United States Magistrate Judge E. Thomas Boyle for the purpose of holding a hearing and

3

issuing a report and recommendation. On April 18, 2013, Judge Boyle set a hearing on the preliminary injunction to occur on April 23, 2013.

In advance of the April 23rd evidentiary hearing, the State of New York sought a stipulation of facts in lieu of the hearing and any further fact-finding. After significant negotiations, King Mountain and the State of New York stipulated to a certain set of facts (the "Stipulation"). Pursuant to the Stipulation, "both sides agree[d] there will be . . . no further evidence admitted on the preliminary injunction" and that "all other statements of fact made in the memorandum of support of motion for preliminary injunction are to be deemed inadmissible and not considered by the court." (Stipulation, ¶ 20.)

On May 8, 2013, King Mountain filed its response to the State of New York's motion for a preliminary injunction in accordance with the briefing schedule set forth in the Stipulation. On May 22, 2013, in support of the motion for a preliminary injunction, the State of New York submitted a reply, which King Mountain asserts made factual assertions beyond the scope of the terms of the Stipulation.

On May 28, 2013, King Mountain moved to strike the State of New York's reply submission in its entirety. The State of New York offered to resolve this dispute by withdrawing two declarations and one exhibit, described in greater detail later, which it believed might be the items most objectionable to King Mountain. The State of New York asserted that the remainder of the material represented legal authority for its counterarguments to King Mountain's opposition, not evidence of King Mountain's activities, and thus were no "further evidence" excluded under the terms of the Stipulation. King Mountain rejected this offer.

On May 30, 2013, Judge Boyle entered an electronic order striking the Stipulation and scheduling an evidentiary hearing.

4

On June 6, 2013, the State of New York moved for discovery on an expedited basis. In particular, the State of New York contended that (1) King Mountain, in its answer and in its opposition to the motion for preliminary injunction, had interposed the affirmative defense of lack of personal jurisdiction; (2) the record was silent as to how unstamped King Mountain cigarettes ended up where they were when they were obtained by the State. King Mountain opposed the motion for expedited discovery on the ground, among other reasons, that Mountain Tobacco had previously disclaimed any need for discovery in favor of the Stipulation. King Mountain insisted that "the State apparently tricked [King Mountain] into revealing its defenses on the promise that the record was closed so the State could thereafter seek additional discovery to try to counter arguments thereafter made by [King Mountain]."

On June 11, 2013, Judge Boyle entered an electronic order granting the State of New York's request for expedited discovery.

King Mountain subsequently filed the present objections to Judge Boyle's May 30th and June 11th orders pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. Pr.") 72. Specifically, as to the May 30th order, King Mountain asserts that absent a finding of good cause, Judge Boyle erred in striking the Stipulation negotiated and agreed on by the parties. As to the June 11th order, King Mountain contends that Judge Boyle's order granting the State of New York expedited discovery was both unreasonable and deficient under the criteria set forth in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982).

On June 18, 2013, Judge Boyle *sua sponte* adjourned the evidentiary hearing pending the outcome of these Fed. R. Civ. Pr. 72 objections.

## I. DISCUSSION

A. Standard of Review

Pre-trial discovery issues are generally considered nondispositive matters. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). When considering objections to a magistrate judge's ruling on a nondispositive matter, a district judge will only modify or set aside any portion of the magistrate's order found to be "clearly erroneous or contrary to law." Rule 72(a); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

King Mountain "requests the court to review the order under the *de novo* standard on the basis that no findings of fact were issued. However, [King Mountain] fails to note that findings of facts and conclusions of law are only issued in connection with dispositive motions. The instant pretrial order is a non-dispositive motion." Sana v. Hawaiian Cruises, Ltd., 961 F. Supp. 236, 238 (D. Haw. 1997), revd on other grounds, 181 F.3d 1041 (9th Cir. 1999). Such orders are not subject to *de novo* determinations under 28 U.S.C. § 636(b)(1)(A) which provides:

> Notwithstanding any provision of law to the contrary a judge may designate a magistrate to hear and determine any pretrial matter pending before the court. . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is *clearly erroneous or contrary to-law*.

28 U.S.C. § 636(b)(1)(A) (emphasis added). See also Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) ("Pre-trial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; and are not subject to *de novo* determination.").

A party seeking to overturn a discovery order bears a heavy burden. See Com-Tech Assocs. v. Computer Assocs. Int'l, 753 F. Supp. 1078, 1098-99 (E.D.N.Y. 1990), affd, 938 F.2d 1574 (2d Cir. 1991). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." Universal Acupuncture Pain Services, P.C. v. State Farm Mut. Auto. Ins. Co., No. 01 CV 7677, 2002 WL 31309232, at *1 (S.D.N.Y. Oct. 15, 2002) (citing Lanzo v. City of New York, No. 96 CV 3242, 1999 WL 1007346, at *2 (E.D.N.Y. Sept. 21, 1999)).

B.  As to King Mountain's Objections to Judge Boyle's May 30th order

"A party to a stipulation is not entitled to withdraw from its agreement unilaterally." United States ex rel. Reilly v. New England Teamsters & Trucking Indus. Pension Fund, 737 F.2d 1274, 1278 (2d Cir. 1984). However, "a district court may invalidate a stipulation only upon a 'showing of good cause such as fraud, collusion, mistake or duress, or where the agreement is unconscionable or contrary to public policy, or the text of the agreement suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement.'" Katel Ltd. Liab. Co. v. AT & T Corp., 607 F.3d 60, 66 (2d Cir. 2010)

Further, written stipulations drafted by a party are "more akin to a run-of-the mill contract than to a court order." Richard Feiner & Co., Inc. v. H R Indus., Inc., 182 F.3d 901, at *3 (2d Cir. 1999)(citation and quotation marks omitted). Ultimately, the construction of a contract and a stipulation is a question of law for the Court. See Swift & Company v. Hocking Valley Railway Company, 243 U.S. 281, 289–90, 37 S. Ct. 287, 61 L. Ed. 722 (1917) ("If the stipulation is to be treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative; since the court cannot be controlled by agreement of counsel on a

7

subsidiary question of law."); Fisher v. First Stamford Bank & Trust Company, 751 F.2d 519, 523 (2d Cir. 1984) ("a court is not governed by a stipulation on a question of law").

Here, the State of New York spells out in great detail the documents contained in the reply submission at issue in support of the motion for a preliminary injunction. First, in addition to a memorandum of law, the reply contained a declaration by Eric Proshansky, counsel for the State of New York. As the State of New York observes, the Stipulation specifically provided that the State could attach a declaration from Proshansky for the purpose of "rebuttal of any statement" made in the declaration by Dolph Barnhouse, King Mountain's counsel. Barnhouse had previously stated in his declaration that King Mountain had complied with a New York City settlement consent order in a substantially similar case brought by the City. As part of the consent order, King Mountain agreed, among other things, to refrain from "offering for sale, shipping, delivering, or distributing King Mountain cigarettes . . . not bearing New York State tax stamps to any person or entity located on the Poospatuck Indian Reservation or member of the Poospatuck Tribe identified by the City in writing to King Mountain." In this case, Proshansky disputed Barnhouse's assertions that King Mountain had complied with the settlement consent order.

Second, the State of New York submitted a declaration by Anthony Vona, an agent of the New York State Department of Taxation and Finance ("DTF"), purportedly to correct a factual misrepresentation in King Mountain's opposition papers that the unstamped King Mountain cigarettes were returned to their owner. Based on this assertion, King Mountain had argued that the State of New York could not show irreparable harm.

Third, the State of New York submitted a declaration by Gary Zirpoli, an excise tax technician at DTF, purportedly to rebut King Mountain's legal argument that the PACT Act only applies to "delivery sales" and "consumers," rather than manufacturers such as King Mountain.

Fourth, the State of New York submitted a declaration from its counsel, Marc A. Konowitz, which contained no substantive text but attached certain exhibits. Exhibits A and B were a federal criminal complaint and federal indictment, respectively, alleging violations of the CCTA by categories of entities listed in 18 U.S.C. §2341(2). The State of New York purportedly submitted these exhibits to rebut King Mountain's argument that categories of entities listed in 18 U.S.C.§2341(2), including federally licensed cigarette manufacturers such as King Mountain, are exempt from CCTA liability. Exhibit C was an excerpt of a transcript of deposition testimony by an Indian Law expert rebutting King Mountain's legal argument that the Yakama Treaty foreclosed the State's regulatory authority over King Mountain. Exhibit D is an advertisement for King Mountain cigarettes for sale in New York purportedly meant to rebut an implication made by King Mountain that the November 6, 2012 undercover cigarette purchases and the December 3, 2012 seizure were isolated instances of unstamped, untaxed King Mountain cigarettes illegally present in New York. Finally, Exhibit E was a decision by Judge Jesse M. Furman of the Southern District of New York, issued on May 21, 2013, the day before State filed its reply papers, purporting to counter King Mountain's legal argument regarding the scope of the CCTA §2341(2) exemptions.

Fifth, the State of New York submitted a declaration from Chad Shelmidine and a Supplemental Declaration of Andrew Scala, both investigators in the State Office of the Attorney General. Similar to Exhibit D to the Konowitz declaration, these two declarations were purportedly submitted to rebut King Mountain's implication that the November 6, 2012

9

undercover cigarette purchase and the December 3, 2012 cigarette seizure were isolated instances of unstamped and untaxed King Mountain cigarettes illegally present in New York.

When King Mountain objected to these materials, the State of New York offered to withdraw the Shelmidine and Scala declarations and Exhibit D to the Konowitz declaration. The State of New York states that while those materials purportedly rebutted King Mountain's assertion that the incidents in November and December 2012 were isolated, it understands that these materials could be considered "further evidence" outside the scope of the Stipulation. As noted above, the State of New York maintains that the remainder of the material represented legal authority for its counterarguments to King Mountain's opposition papers rather than "further evidence" of King Mountain's activities. The Court agrees with the State of New York.

Without considering Exhibit D to the Konowitz declaration and the Shelmadine and Scala declarations, which the State has offered to withdraw, albeit unsuccessfully, the Court finds that the remainder of those documents submitted as part of the State of New York's reply brief either addressed issues of law or alleged misstatements of fact, and do not constitute "further evidence." The Stipulation expressly excludes all "statements of fact" outside the Stipulation and thus plainly does not apply to legal arguments. To the extent the State of New York introduced "new" facts, for example, to rebut King Mountain's assertion that the unstamped King Mountain cigarettes were returned to their owner, the Court concludes that the introduction of these "new facts" was permissible because the phrase "further evidence" is ambiguous as to <u>disputed</u> facts. Under these circumstances, the Court concludes that King Mountain has failed to satisfy its "heavy burden" to establish clear error on the part of Judge Boyle in vacating the stipulation. Accordingly, the Court denies King Mountain's objections as to that order.

C. As to King Mountain's Objections to Judge Boyle's June 11th order

As part of the State of New York's request for expedited discovery, it asked King Mountain to, among other things, (1) identify each distributor King Mountain has used to market, distribute and sell its cigarettes throughout the United States, including in Indian lands; (2) describe in detail its relationship with that distributor, including the business performed by each distributor, and to its knowledge, the geographic area in which that distributor has operated and the extent to which it reviewed or sought to control in any way the locations its cigarettes would be marketed or distributed; (3) produce all documents identifying or concerning any entity to whom it sells, distributes, or ships its cigarettes; and (4) all written agreements with its distributors. According to King Mountain, these requests, on an expedited basis, are overbroad and unreasonable.

Courts in the Second Circuit employ two tests for determining the propriety of an expedited discovery request. The first is a "reasonableness standard." KeyBank, Nat'l Assoc. v. Quality Payroll Sys., Inc., 2006 WL 1720461, at *4, 2006 U.S. Dist. LEXIS 42078, at *9–10 (E.D.N.Y. June 22, 2006) (citation omitted). The second is a four-factor test set out in Notaro. Under Notaro, a party seeking expedited discovery must show:

> (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted.

Notaro, 95 F.R.D. at 405. However, the Court agrees with those District courts within this Circuit which have rejected the Notaro test on the basis "that employing a preliminary-injunction type analysis to determine entitlement to expedited discovery makes little sense, especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction

11

hearing." Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005); see also Stern v. Cosby, 246 F.R.D. 453, 457 (S.D.N.Y. 2007).

Applying the "reasonableness standard," the Court finds that while the State of New York's requests were broad in scope, the requests were narrowly tailored to the period June 1, 2010 through the present. The fact that the State of New York requested that the discovery be expedited is no longer material in light of the cancellation of the evidentiary hearing previously set for June 20, 2013. Indeed, the State of New York indicates that it would agree to permit King Mountain more time to gather the documents, provided the State received them sufficiently in advance of the evidentiary hearing.

Further, King Mountain's reliance on Litwin v. OceanFreight, Inc., 865 F. Supp. 2d 385 (S.D.N.Y. 2011) is misplaced. There, a shareholder brought a putative class action against a corporation, seeking a temporary restraining order and preliminary injunction enjoining the corporation from holding a special shareholder meeting to vote on the company's proposal to a acquire corporation. The court rejected the plaintiff's request for expedited discovery, reasoning: "The sheer volume and breadth of plaintiff's discovery requests further renders them unreasonable, and plaintiff has offered no concrete basis whatsoever to justify expedited discovery." Id. at 402. Here, by contrast, the State of New York's requests speak directly to the issue of to whom King Mountain sells and distributes its tobacco products that are sold unstamped and untaxed in New York State. For this reason, the Court identifies no legal error in Judge Boyle's decision granting the State of New York's motion for expedited discovery.

## II. CONCLUSION

In this decision, the Court has denied King Mountain's objections. Therefore, it need not address King Mountain's request for a stay pending resolution of those objections.

Accordingly, it is hereby

**ORDERED,** that that the King Mountain's objections to Judge Boyle's orders dated May 30th and June 11th, 2013 are denied.


**SO ORDERED.**
Dated: Central Islip, New York
July 11, 2013

                                           */s/ Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                           United States District Judge