**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
STATE OF NEW YORK,

                Plaintiff,

                                        **DECISION AND ORDER**
      -against-                     12-cv-6276 (ADS)(WDW)

MOUNTAIN TOBACCO COMPANY, d/b/a
KING MOUNTAIN TOBACCO COMPANY
INC. and DELBERT WHEELER, Sr.,

                Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**Eric T. Schneiderman, Attorney General of the State of New York**
*Attorneys for the Plaintiff*
120 Broadway
New York, NY 10007
      Christopher Leung
      Assistant Attorney General

**Johnson Barnhouse & Keegan LLP**
*Attorneys for the Defendant Mountain Tobacco Company d/b/a King Mountain Tobacco Company, Inc.*
7424 4th St NW
Los Ranchos De Albuq, NM 87107
   By: Kelli J. Keegan, Esq.
      Randolph Barnhouse, Esq., Of Counsel

**Petrillo Klein & Boxer LLP**
*Attorneys for the Defendant Mountain Tobacco Company d/b/a King Mountain Tobacco Company, Inc.*
655 3rd Avenue, 22nd Floor
New York, NY 10017
   By: Nelson A. Boxer, Esq.
      Jill Caroline Barnhart, Esq., Of Counsel

**NO APPEARANCE:**

*The Defendant Delbert Wheeler, Sr.*

**SPATT, District Judge**.

On December 21, 2012, the Plaintiff State of New York filed this complaint against the Defendant King Mountain Mountain Tobacco Company, d/b/a/ King Mountain Tobacco Company Inc.; Mountain Tobacco Distributing Company Inc.; and Delbert Lauren Wheeler, Sr., alleging violations of the Contraband Cigarette Trafficking Act, 18 U.S.C. §§2341-2346 ("the CCTA"), the Prevent All Cigarette Trafficking Act, 15 U.S.C. §§ 375-378 ("the PACT Act"), and New York State tax and executive laws concerning tax stamping and sale of cigarettes within the state. On February 12, 2013, the State of New York filed an amended complaint.

On April 3, 2013, the State of New York moved for a preliminary injunction enjoining the Defendants from selling, shipping, or distributing unstamped cigarettes into and within New York State. On April 9, 2013, the Court referred the motion for a preliminary injunction to United States Magistrate Judge E. Thomas Boyle for the purpose of holding a hearing and issuing a report and recommendation.

On May 9, 2013, the State of New York voluntarily dismissed the action against Mountain Tobacco Distributing Company, Inc. pursuant to Federal Rule of Civil Procedure 41(a)(1).

On July 17, 2013, the case was reassigned to United States Magistrate Judge William D. Wall.

On January 30, 2014, Judge Wall issued a report recommending that the motion for a preliminary injunction "be terminated pending the conclusion of discovery and reinstated at that time." The State of New York subsequently moved pursuant to Local Civil Rules 16(b)(4) and 37.3(d) for additional directions and recommendations related to discovery to be included in the report.

On February 13, 2014, Judge Wall granted in part and denied in part the motion for reconsideration. Judge Wall found that the requested inclusion of additional discovery recommendations was unnecessary in that the case was already assigned to him for discovery purposes. Judge Wall further indicated that he would issue a separate order addressing the underlying relief requested.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Wall's Report and finds it be without any legal or factual errors. There being no objection to the report other than the above-mentioned motion for reconsideration, the Court adopts Judge Wall's report in its entirety.

For the foregoing reasons, it is hereby:

**ORDERED,** that Judge Wall's Report and Recommendation is adopted in its entirety. The Clerk of the Court is directed to terminate the motion for a preliminary injunction and reinstate it at the conclusion of discovery. The Clerk of the Court is also directed to terminate the accompanying motion for oral argument.

**SO ORDERED.**
Dated: Central Islip, New York
March 4, 2014

                                              *Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                              United States District Judge