**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
STATE OF NEW YORK,

              Plaintiff,

              -against-

MOUNTAIN TOBACCO COMPANY, d/b/a
KING MOUNTAIN TOBACCO COMPANY
INC. and DELBERT WHEELER, Sr.,

              Defendants.
--------------------------------------------------------X

**DECISION AND ORDER**
12-cv-6276 (ADS)(SIL)

<u>**APPEARANCES:**</u>

**Eric T. Schneiderman, Attorney General of the State of New York**
*Attorneys for the Plaintiff*
120 Broadway
New York, NY 10007
    By: Christopher K. Leung
        Dana H. Biberman
        Assistant Attorneys General

**Johnson Barnhouse & Keegan LLP**
*Attorneys for the Defendant Mountain Tobacco Company d/b/a King Mountain Tobacco Company, Inc.*
7424 4th St NW
Los Ranchos De Albuq, NM 87107
    By: Kelli J. Keegan, Esq.
        Randolph Barnhouse, Esq., Of Counsel

**Petrillo Klein & Boxer LLP**
*Attorneys for the Defendant Mountain Tobacco Company d/b/a King Mountain Tobacco Company, Inc.*
655 3rd Avenue, 22nd Floor
New York, NY 10017
    By:  Nelson A. Boxer, Esq.
        Jill Caroline Barnhart, Esq., Of Counsel

**Hamburger, Maxson, Yaffe & McNally LLP**
*Attorneys for the Defendant Delbert Wheeler, Sr.*
225 Broadhollow Road, Suite 301E
Melville, NY 11747
      By: Andrew K. Martingale, Esq.
         David N. Yaffe, Esq., Of Counsel

**SPATT, District Judge**.

On December 21, 2012, the Plaintiff State of New York (the "State") filed this complaint against the Defendant King Mountain Tobacco Company, d/b/a/ King Mountain Tobacco Company Inc. ("King Mountain"); Mountain Tobacco Distributing Company Inc.; and Delbert Lauren Wheeler, Sr., alleging violations of the Contraband Cigarette Trafficking Act, 18 U.S.C. §§2341-2346 ("the CCTA"), the Prevent All Cigarette Trafficking Act, 15 U.S.C. §§ 375-378 ("the PACT Act"), and New York State tax and executive laws concerning tax stamping and sale of cigarettes within the state. On February 12, 2013, the State of New York filed an amended complaint.

On May 9, 2013, the State of New York voluntarily dismissed the action against Mountain Tobacco Distributing Company, Inc. pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a)(1).

On May 16, 2014, Wheeler moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(5), (2), and (6) to dismiss the amended complaint for lack of proper service, lack of "minimum contacts" personal jurisdiction, and failure to state a claim upon which relief can be granted. King Mountain has not joined in Wheeler's motion.

Also presently pending before the Court are Wheeler's objections to an order of United States Magistrate Judge William D. Wall issued on July 30, 2014 denying his application pursuant to Fed. R. Civ. P. 26(c)(1)(D).

For the reasons set forth here, the Court denies that part of Wheeler's motion to dismiss for lack of proper service. The Court also denies without prejudice and, with leave to renew following the completion of jurisdictional discovery as to Wheeler, that part of Wheeler's motion to dismiss for lack of "minimum contacts" personal jurisdiction and for failure to state a claim upon which relief can be granted. Finally, the Court denies as moot Wheeler's objections to the order issued by Judge Wall denying his motion pursuant to Fed. R. Civ. P. 26(c)(1)(D).

## I.    BACKGROUND

Unless otherwise stated, the following facts are drawn from the amended complaint. "As this decision involves a motion to dismiss for lack of personal jurisdiction [], the Court will also consider the various affidavits submitted by the parties." Photoactive Prods., Inc. v. AL-OR Int'l Ltd., 99 F. Supp. 2d 281, 285 (E.D.N.Y. 2000).

A.  The Parties

The Plaintiff State of New York is a sovereign entity that brings this action on behalf of its citizens and residents to protect the public health, safety, and welfare, and to enforce federal and state law for those purposes.

The Defendant King Mountain is a corporation formed under the laws of the Yakama Nation of Indians. According to the amended complaint, King Mountain is engaged in the business of manufacturing, selling, transferring, transporting, and shipping its cigarettes for profit. King Mountain advertises and offers its cigarettes for sale, transfer, transport, and shipment throughout the United States, including New York. Although King Mountain is not owned or operated by the Yakama Nation Tribe, King Mountain is located within the Yakama Indian Reservation. King Mountain's principal place of business and cigarette-manufacturing factory are located at 2000 Fort Simcoe Rd., White Swan, Washington. Its warehouse and

distribution facility are located at 2000 Signal Peak Road, White Swan, Washington. And its registered office is located at Box 669, White Swan, Washington.

The Defendant Wheeler, an individual, is a resident of Washington State and is the President, co-founder, and 50% co-owner of King Mountain.

B.  Factual and Procedural History

King Mountain manufactures the King Mountain brand cigarettes on the Yakama Reservation in the State of Washington. It then sells, transfers or assigns the cigarettes to retailers and/or wholesalers in New York State. According to the Plaintiff, King Mountain has sold and shipped, and continues to sell and ship, large quantities of unstamped, untaxed, and unreported cigarettes into Indian reservations located in New York State in violation of N.Y. Tax Law § 470, *et seq*.

On December 21, 2012, the State filed its complaint against the Defendants.

On February 12, 2013, the State filed an amended complaint, which omitted the signature of the filing attorney. Although the amended complaint references Wheeler as an officer and partial owner of King Mountain, it contains no specific allegations as to him.

In a letter dated March 28, 2013, the State sought an order pursuant to Fed. R. Civ. P. 4(c)(3) authorizing service on these defendants via the CT Corporation, King Mountain's agent for service of process in Washington State, or in the alternative, service via a United States Marshal, Deputy Marshal, or a person specially appointed by the Court. In that letter, the State detailed its unsuccessful efforts to serve King Mountain and Wheeler on the Yakama Reservation in Washington State.

On April 4, 2013, United States Magistrate Judge E. Thomas Boyle denied the State's motion without prejudice to renewal at the initial conference.

On April 17, 2013, the State served King Mountain via the CT Corporation in Olympia, Washington, as opposed to the address in Seattle, Washington specified in the State's March 28, 2013 letter motion.

On April 18, 2013, Judge Boyle granted the State's motion with respect to the service of King Mountain "*nunc pro tunc* 4/17/13."  He also authorized alternative service on Wheeler via the CT Corporation and alternative service on Wheeler via a United States Marshal, Deputy Marshal, or a person specially appointed by the Court.   However, Judge Boyle did not identify who should complete service on Wheeler, nor when such service should be consummated.

On May 9, 2013, the State of New York voluntarily dismissed the action against Mountain Tobacco Distributing Company, Inc. pursuant to Fed. R. Civ. P. 41(a)(1).

On June 12, 2013, the State's 120-day time limit for effecting service upon Wheeler under Fed. R. Civ. P. 4(m) expired.

On July 17, 2013, the case was reassigned to United States Magistrate Judge William D. Wall.

On February 28, 2014, the State again moved for supplementation or clarification of the April 18, 2013 order entered by Judge Boyle.  King Mountain opposed this request.

On March 27, 2014, Judge Wall granted the State's motion, reasoning:

> The State has shown the difficulty and impracticability of the numerous attempts they have made to serve Wheeler and have demonstrated Wheeler's awareness of the action, inasmuch as he is the president of defendant King Mountain. There is no prejudice to Wheeler in this approach and this case must move forward with all necessary parties.
>
> The time for service is deemed extended to seven days from the date of this order, and service shall be made on Wheeler by facsimile and certified mail on King Mountain's business and P.O. box addresses.

(Doc No. 88.)

On March 28, 2014, the State served Wheeler by facsimile and certified mail on King Mountain's two business addresses and P.O. Box address. Each facsimile and mailing included a copy of the summons, first amended complaint, and revised proposed joint discovery plan, plus a letter addressed to "King Mountain Tobacco Company, Inc. Attn: Delbert Wheeler, Sr.", which, among other things, explained that Magistrate Judge Wall had authorized the service of process on Wheeler in the referenced action.

The State did not attach a copy of Judge Wall's March 27, 2014 ruling. Further, the amended complaint attached to the letter was unsigned.

Following the State's service on Wheeler, the State received a facsimile confirmation that the State's service on him had been successful.

On or about April 22, 2014, counsel for the State learned that its certified mailings to Wheeler, using King Mountain's two business addresses and P.O. Box address, had each been "Refused" on April 17, 2014.

On May 16, 2014, Wheeler filed a motion to dismiss the complaint as against him pursuant to Fed. R. Civ. P. 12(b)(5), (2), and (6). King Mountain has not joined in Wheeler's motion to dismiss.

On May 21, 2014, the State filed a signed copy of the amended complaint. Absent opposition from Wheeler, the Court construes this pleading as the operative pleading.

On May 22, 2014, Judge Wall stayed discovery as to Wheeler pending this Court's decision on the motion to dismiss.

On June 16, 2014, the State filed a memorandum of law in opposition to the motion to dismiss by Wheeler. The State argues that this Court may exercise personal

jurisdiction over Wheeler under New York's long-arm statute and that it properly effected service on him. In support of its memorandum of law, Christopher K. Leung, Esq., the State's counsel, submitted a declaration outlining Wheeler's connections to New York State. Alternatively, the State seeks jurisdictional discovery regarding Wheeler's contacts with New York State.

However, with respect to that part of Wheeler's motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the State agree[d] that its complaint could have provided additional details regarding [] Wheeler's connection to King Mountain and his primary role in this litigation." (Docket No. 99-1, at 25.) According to the State:

> Because the factual averments linking Mr. Wheeler to King Mountain and the State of New York are contained in the State's supporting declaration, the State respectfully proposes that this Court defer any ruling on the Rule 12(b)(6) motion until such time when both Mr. Wheeler and the State may present supporting evidence for their positions on a Rule 56 motion for summary judgment. Converting Mr. Wheeler's motion into a Rule 56 motion this early stage would do little, where Mr. Wheeler has not engaged in any discovery. And, dismissing the State's complaint would only lead to extended motion practice associated with a Rule 15(a)(2) motion to amend the complaint, as well as additional delays in resolving the State's claims against King Mountain and Mr. Wheeler.

(Id.).

On July 8, 2014, the Plaintiff filed an affidavit of service indicating service by facsimile and certified mail on Wheeler of the amended complaint, summons, and revised proposed joint discovery plan.

At some point, the State issued notices scheduling: (1) a rule 30(b)(6) deposition of King Mountain; (2) a rule 30(b)(1) depositions of King Mountain Employees Yancey Black and Jay Thompson; and (C) a rule 30(b)(1) deposition of Wheeler which specified that he "will be testifying on behalf of defendant Mountain Tobacco Company d/b/a King

Mountain Tobacco Company, Inc." Wheeler refused to accept the deposition notice, and the Plaintiff moved to compel him to do so.

On July 15, 2014, Judge Wall granted the Plaintiff's motion to compel Wheeler to be deposed subject to Wheeler's health conditions.

On July 29, 2014, the State began its deposition of Yancey Black. Wheeler's attorney, David N. Yaffee, Esq., participated in that deposition, while articulating on the record that his participation did not constitute a waiver to Wheeler's position that the Court lacks personal jurisdiction over him and that service of the amended complaint was defective, for two expressed purposes: (1) to record his objection at the outset to any testimony which might seek to elicit discovery as to Wheeler in violation of the stay of discovery as to him and (2) to raise any objections on behalf of Wheeler as might be required during the deposition to protect his rights pursuant to the stay.

During the deposition, counsel for the State asked Black whether Wheeler had ever overruled King Mountain officers' decisions with respect to the production and the scheduling of sales of cigarettes. Yaffee objected to this question on the basis that it sought to elicit discovery as to Wheeler. Yaffee instructed Black not to answer the question, pursuant to Fed. R. Civ. P. 30(c)(2) to "enforce a limitation ordered by the court," i.e. the stay of discovery as to Wheeler.

The parties then held a telephone conference before Judge Wall, who denied Yaffee's objection. Judge Wall indicated that the question was proper under a Rule 30(b)(1) or 30(b)(6) deposition, and that the May 22, 2014 order only applied to discovery and discovery vehicles regarding Wheeler.

Following the conclusion of the July 29, 2014 deposition of Black, that day, Yaffee filed a motion pursuant to Fed. R. Civ. P. 26(1)(c)(D) seeking a protective order on behalf of Wheeler to "limit the scope of deposition (and document) discovery so as to prevent claims-based and jurisdictional discovery as to Mr. Wheeler from Mr. Wheeler, from King Mountain and its witnesses or from any third party. Specifically, we seek to prevent discovery as to Mr. Wheeler's knowledge or involvement with respect to the facts and circumstances alleged in the Amended Complaint, and particularly regarding Mr. Wheeler's knowledge or involvement with respect to the defendants' alleged New York sale, delivery and obligation to pay excise or related taxes for King Mountain Cigarettes." (Docket No. 115.)

On September 9, 2014, the State filed a memorandum of law in opposition to Wheeler's objections. In this memorandum of law, the States emphasizes that it "neither concedes nor admits that its amended complaint fails to meet Rule 8's pleading requirements." (Doc No. 122, at 19.)

On July 30, 2014, the Plaintiff took the Rule 30(b)(1) and 30(b)(6) deposition of Thompson. Yaffee participated in the deposition telephonically, articulating the same reservation of rights of Wheeler with respect to the issue of lack of personal jurisdiction and lack of proper service that he had stated during the deposition of Black. Yaffee also stated his intent to raise objections if necessary in connection with Wheeler's pending motion for a protective order.

During the deposition of Thompson, the State sought to obtain testimony from him regarding discussions he may have had with Wheeler regarding the sale of King Mountain cigarettes in New York and determinations regarding the obligation, if any, to

stamp cigarettes sold in New York. Yaffee objected in light of Wheeler's pending motion for a protective order.

The parties then held a telephone conference before Judge Wall, who denied Yaffee's motion for a protective order on Wheeler's behalf.

On August 13, 2014, Wheeler filed an objection (1) pursuant to Fed. R. Civ. P. 72(a) to Judge Wall's denial of his Fed. R. Civ. P. 26(c)(1)(D) and 30(d)(3) motion for a protective order and (2) pursuant to Fed. R. Civ. P. 26(c)(1)(D) and 30(d)(3) seeking a protective order limiting the scope of deposition and document discovery so as to prevent claims-based and jurisdictional discovery as to Wheeler, King Mountain, and its witnesses or any third party. The motion also sought to prevent discovery as to Wheeler's alleged knowledge or involvement with respect to the defendants' alleged New York sale and delivery of, and obligation to pay excise or related taxes for King Mountain cigarettes.

## II. DISCUSSION

"Before addressing [Wheeler's] Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary question[ ] of . . . personal jurisdiction." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)(citing Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963)("[L]ogic compel[s] initial consideration of the issue of jurisdiction over the defendant-a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim.")).

"A *prima facie* case for personal jurisdiction has three elements: (1) the plaintiff's service of process upon the defendant must have been procedurally proper, (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective,

and (3) the exercise of personal jurisdiction must comport with constitutional due process principles." <u>Hack v. Stang</u>, 13-CV-5713 (AJN), 2014 WL 4652596, at *3 (S.D.N.Y. Sept. 18, 2014)(citations and quotation marks omitted).

A.  <u>Service of Process</u>

The Federal Rules of Civil Procedure permit a defendant to move to dismiss for related but separate defects either in the contents of the summons or in the manner or method of service of the summons and complaint. Fed. R. Civ. P. 12(b)(4) & (5); <u>see</u> 5B Charles Alan Wright et al., Federal Practice and Procedure § 1353 (3d ed. 2013).  Where service of process is challenged, the plaintiff has the burden of demonstrating the adequacy of such service. <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 752 (2d Cir. 2010). "On review of a motion challenging service of process, the court considers the parties' pleadings and affidavits in the light most favorable to the non-moving party." <u>Krape v. PDK Labs Inc.</u>, 194 F.R.D. 82, 84 (S.D.N.Y. 1999).  "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." <u>Darden v. DaimlerChrysler N. Am. Holding Corp.</u>, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

Fed. R. Civ. P. 4 sets forth the rules applicable to service of process.  Rule 4(e) provides that, absent a waiver, an individual defendant must be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). New York law provides a number of specific methods for serving individuals, and further provides that service may be effectuated "in such manner as the court, upon motion without notice, directs," if, as here, service is "impracticable" under the other specified methods of service. N.Y. CPLR § 308(5).

In this case, as noted above, on March 27, 2014, Judge Wall extended the State's time to serve Wheeler by seven days, indicating that "service shall be made on Wheeler by facsimile and certified mail on King Mountain's business and P.O. box addresses." Following that decision, on March 28, 2014, the State sent by certified mail and facsimile a letter addressed to "King Mountain Tobacco Company, Inc. Attn: Delbert Wheeler, Sr." at three different addresses and indicated that it enclosed the "Summons, First Amended Complaint and Revised Proposed Joint Discovery Plan."

Nevertheless, Wheeler argues that this service on him was defective under Rule 4(c)(1) because (1) the State's letter did not attach a copy of Judge Wall's March 27, 2014 ruling; (2) the letter and fax cover sheet were not addressed to Wheeler in his individual capacity; (3) the pleading attached to the letter was unsigned by an attorney of record; and (4) the State failed to file the proof of service upon Wheeler.

Fed. R. Civ. P. 4(c)(1) provides that in order to effect service of process, "[a] summons must be served with a copy of the complaint."

As an initial matter, the Court notes that, despite any alleged deficiencies in the service of process, the Court discerns no prejudice to Wheeler. <u>See e.g.</u>, <u>Hein v. Cuprum, S.A. de CV.</u>, 136 F. Supp. 2d 63, 71 (N.D.N.Y. 2001)("Nevertheless, in the circumstances of this case, defendant Cuprum received actual notice of the current action by that imperfect attempt at service of process.. . . Thus, defendant Cuprum suffered no prejudice as a result of this imperfection and it cannot claim that it failed to receive notice apprizing it of the pendency of the current action."). In particular, Wheeler retained counsel before the expiration of any discovery deadlines. While Wheeler's declaration in support of the motion to dismiss states that "[]it was not until reading the Amended Complaint that [he] became aware of [the] alleged incidents," (Wheeler Decl. ¶ 14.), Wheeler fails to indicate when he first read the amended complaint.

In any event, in the Court's view, none of Wheeler's contentions warrant a finding that the State failed to effectuate proper service on him under Fed. R. Civ. P. 4(c)(1).

First, to be effective, nothing in Rule 4, or Judge Wall's March 27, 2014 order, required the inclusion of that order for service on Wheeler.

Second, Wheeler cites no authority, and the Court has found none, requiring that his name appear before King Mountain's name on a mailing and facsimile service in order for the service on Wheeler to be effective.

Third, nothing in Rule 4 or Judge Wall's March 27, 2014 order required the State to file proof of service on Wheeler. While C.P.L.R. Section 308(2) requires proof of service to be filed within twenty days of the delivery or mailing, whichever is later, "a delay in filing proof of service is correctable, and will not invalidate otherwise effective

service." <u>King v. Galluzo Equip. & Excavating, Inc.</u>, 00 CV 6247 (ILG), 2001 WL 1402996, at *5 n. 12 (E.D.N.Y. Nov. 8, 2001). In this regard, the Court notes that, on July 8, 2014, the State did eventually file proof of service on Wheeler.

Fourth, with regard to the fact that the copy of the amended complaint served on Wheeler was unsigned, nothing in the text of Rule 4(c)(1) requires that the copy of the complaint served on a defendant must contain an attorney's signature. Further, "the Court has uncovered no relevant authority indicating that service of an unsigned complaint [] amounts to defective service under Rule 4(c)(1)." <u>Langreich v. Gruenbaum</u>, 06CIV4931(BSJ)(MHD), 2009 WL 321253, at *2 (S.D.N.Y. Jan. 30, 2009)(denying motion to dismiss for defective service under Rule 4(c)(1) on the basis that copy of complaint served on the defendant was not signed by the Plaintiffs' attorney and did not list his address or telephone number.")

To be sure, Rule 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record." However, that Rule requires that the court strike an unsigned paper only in the event "the omission is [not] promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). In other words, "[a c]omplaint need not be struck pursuant to Rule 11(a) for failure to contain an attorney signature." <u>Langreich</u>, 2009 WL 321253, at *3.

In this case, the State filed an amended complaint with an attorney signature on May 21, 2014, only five days after Wheeler moved to dismiss raising this defect. In addition, the Court notes that original complaint, filed on December 21, 2012, was signed by an attorney of record. <u>See</u> <u>Riccardo v. Cassidy</u>, 1:10-CV-462 (NAM)(RFT), 2012 WL 651853, at *9 (N.D.N.Y. Feb. 28, 2012)(denying the defendant's motion to dismiss for

failure to comply with Rule 11(a), where original signed complaint was properly served, and directing the plaintiff to submit a signed copy of his amended complaint).

In sum, the Court finds that Wheeler is not entitled to dismissal for failure to effect proper service on him pursuant to Fed. R. Civ. P. 4(c)(1) and his motion to dismiss on this ground is denied.

B. The Rule 12(b)(2) Legal Standard

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) bears the burden of showing that the court has jurisdiction over the defendant. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007); Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1994). Where, as here, there has been no evidentiary hearing and the jurisdictional issue is addressed in affidavits, the plaintiff need only make a *prima facie* showing that the defendant is amenable to personal jurisdiction. A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79 (2d Cir. 1993). However, eventually, personal jurisdiction must be established by a preponderance of the evidence, either at an evidentiary hearing or at trial. Id. at 79-80; see Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). The Court must accept the allegations of the plaintiff's complaint and affidavits as true, and all doubts are resolved in favor of the plaintiff, notwithstanding any controverting presentation by the moving party. A.I. Trade, 989 F.2d at 79-80; Cavu Releasing, LLC v. Fries, 419 F. Supp. 2d 388, 391 (S.D.N.Y. 2005).

Here, the State does not contend that Wheeler's "contacts with New York are so continuous and systematic that [he] is subject to the jurisdiction of courts in New York on a general jurisdiction theory." Sole Resort, S.A. de C.V. v. Allure Resorts Management,

LLC, 450 F.3d 100, 103 (2d Cir. 2006)(internal citation omitted). Instead, the State relies on a theory of specific jurisdiction, and, therefore, the issue of whether Wheeler is subject to personal jurisdiction in this Court must be analyzed individually for each cause of action. Ainbinder v. Potter, 282 F. Supp. 2d 180, 184 (S.D.N.Y. 2003); see also Int'l Equity Investments, Inc. v. Opportunity Equity Partners, Ltd., 475 F. Supp. 2d 456, 460 (S.D.N.Y. 2007)("personal jurisdiction must be determined on a claim-by-claim basis").

District courts deciding a motion to dismiss for lack of personal jurisdiction engage in a two-part analysis, first determining whether there is a federal or state statutory basis for jurisdiction, and second deciding whether the exercise of jurisdiction comports with due process. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005).

The amended complaint invokes federal question jurisdiction with respect to the Plaintiff's federal claims. The forum state's rules of personal jurisdiction apply for federal question claims, unless the applicable federal statute provides for nationwide service of process. See Sunward Elecs. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004). Here, neither the CCTA nor PACT Act provide for nationwide service of process. Therefore, the New York long-arm statute applies with respect to the Plaintiff's federal claims.

Turning to the state law claims asserted in the amended complaint, these claims invoke supplemental jurisdiction as codified in 28 U.S.C. § 1367(a). Therefore, the New York long-arm statute also applies with respect to the State's state claims. Atl. Mut. Ins. Co. v. M/V HUMACAO, 169 F. Supp. 2d 211, 217 n. 2 (S.D.N.Y. 2001)("[I]n a non-diversity case as here, involving § 1367(a) supplemental jurisdiction over a third-party, if

16

the third-party claim asserts only state law causes of action it seems logical that, just as in diversity cases, the federal court should address the amenability to suit of the foreign third-party defendant in accordance with the law of the forum state.")(internal citation omitted).

According to the State, the New York long-arm statute provides three alternative bases – namely, CPLR § 302(a)(1), (2), and (3) – for personal jurisdiction over Wheeler. However, the Court finds that personal jurisdiction is lacking under each of these provisions.

Section 302(a) states that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state (except defamation); or

3. commits a tortious act without the state causing injury within the state (except defamation), if he

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

C.P.L.R. § 302(a).

In this case, there is nothing in the amended complaint indicating that Wheeler personally "transact[ed] any business" or "commit[ted] a tortious act" in the State of New York. Rather, the State relies on a theory of an agency doctrine to argue that Wheeler

used King Mountain as his agent and, therefore, King Mountain's contacts can be imputed to Wheeler.

As an initial matter, the Court notes that such a theory assumes that this Court may exercise personal jurisdiction over King Mountain itself. However, although King Mountain has not joined Wheeler's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) or separately moved for that relief, King Mountain raised this affirmative defense in its answer. Therefore, the issue of personal jurisdiction with respect to King Mountain is not properly before the Court and the Court makes no ruling on that issue other than to assume, without deciding, that such jurisdiction exists.

In the case Barron Partners, LP v. Lab123, Inc., 07 CIV. 11135 (JSR), 2008 WL 2902187 (S.D.N.Y. July 25, 2008), United States District Judge Jed S. Rakoff aptly summarized agency principles as related to personal jurisdiction:

> To establish that a corporation acted as its principal's agent, a plaintiff must show that the corporation engaged in purposeful activities in this State . . . for the benefit of and with the knowledge and consent of the [principals] and that [the principals] exercised some control over [the corporation] in the matter. Put another way, the question is whether the out-of-state corporate officers were primary actors in the transaction in New York that gave rise to the litigation. This means that a plaintiff must show that defendants exercised some control over the corporate actions allegedly taken in New York. Specifically, in order to make a prima facie showing of control, a plaintiff's allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a primary actor in the specific matter in question; control cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation. Where the plaintiff has made only broadly worded or vague allegations about a defendant's participation in the action allegedly taken in New York, courts have routinely granted motions to dismiss for lack of personal jurisdiction.

Id. at *10 (citations and quotation marks omitted).

Against this legal backdrop, the Court finds that the State's agency theory fails on two independent grounds. First, the State fails to allege sufficient facts, which, if true,

sufficiently demonstrate that King Mountain "engaged in purposeful activities in the State . . . for the benefit" of Wheeler. See id.

Second, the State has not established that King Mountain directed Wheeler to perform any act in New York, let alone as the primary actor in the specific matter in question. See Karabu Corp. v. Gitner, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998)(dismissing the complaint against the individual defendants that was "completely devoid of any factual specificity indicating how each of the six defendants participated in the allegedly tortious conduct or what role they each played").

In this regard, aside from Wheeler's position within King Mountain, the State does not offer any allegations to indicate that Wheeler exercised control over King Mountain's activities in New York. See King Cnty., Wash. v. IKB Deutsche Industriebank, AG, 769 F. Supp. 2d 309, 321 (S.D.N.Y. 2011). "By grouping [his] activities in with the alleged conduct of [King Mountain], [the State] provide[s] no basis for the Court to determine whether [Wheeler] was a primary actor orchestrating the allegedly tortious conduct, or [whether he was] named in the complaint simply because [his] name appear[ed] at the top of [King Mountain's] masthead." Merck & Co., Inc. v. Mediplan Health Consulting, Inc., 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006)(noting that control cannot be presumed and must be established by allegations of specific actions); accord Ontel Prods. v. Project Strategies Corp., 899 F. Supp. 1144, 1149 (S.D.N.Y. 1995)("It is not enough that [the defendant], as President of P.S.C., likely possessed authority to direct all the activities that gave rise to this suit. If that were the case, the president of every company would be subject to jurisdiction in New York based on activities with which he or she had no personal involvement and over which he or she

exercised no decisionmaking authority.").  Indeed, "[c]ourts in this district have . . .

routinely granted 12(b)(2) motions for lack of personal jurisdiction where the plaintiff

made only broadly worded and vague allegations about a defendant's participation in the

specific matter at hand." Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 646 (S.D.N.Y.

2008).

     As noted above, attorney Leung submitted a declaration containing assorted

statements that relate to personal jurisdiction over Wheeler.  However, Leung, an

assistant attorney general, attested to facts to which he does not have personal

knowledge.  Indeed, he concedes at the beginning of his Declaration that his averments

"the actions of non-State actors [are] based on information and belief." (Docket No. 103-

1).  Therefore, to the extent that Leung's declaration asserts facts that are not based on his

personal knowledge, the declaration is disregarded. See Zurich Am. Ins. Co. v. Dah Sing

Bank, Ltd., No. 03 Civ. 7778 (DLC), 2004 WL 1328215, at *1 n. 2 (S.D.N.Y. Jun. 15,

2004)(citing United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 44

F.3d 1082, 1084 (2d Cir. 1995))(refusing to consider attorney affidavit that is not based

on personal knowledge for the purposes of a Rule 12(b)(2) motion).

     In that the Court finds no *prima facie* statutory basis for personal jurisdiction, it

need not decide whether the exercise of such jurisdiction would comport with due

process.

     Alternatively, the State requests jurisdictional discovery as to Wheeler.

     "It is well settled under Second Circuit law that, even where plaintiff has not

made a *prima facie* showing of personal jurisdiction, a court may still order discovery, in

its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if

given the opportunity to develop a full factual record." Leon v. Shmukler, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014); See e.g., In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 208 (2d Cir. 2003)("At the very least, then, plaintiffs are entitled to further development on this point prior to a conclusion that they have failed to make a prima facie showing that SKM participated directly in a conspiracy, the effects of which were purposefully directed at the United States.  Remand will provide the opportunity for full consideration by the court of the meeting in Korea with regard to the question of personal jurisdiction."); see also APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003)( "[A] court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." (internal quotation marks omitted)); Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 866 (2d Cir. 1996)("Although asked to review the district court's initial determination of a prima facie showing of in personam jurisdiction, we conclude that this issue is prematurely before us. . . . [S]ince the exercise of personal jurisdiction over a foreign parent corporation through a resident subsidiary is a question of law that turns on a thorough examination of the facts defining the relationship between the two corporations, we are reluctant to rely on what may turn out to be an incomplete record to clarify legal doctrine for the district court's guidance.").  "Obviously, a plaintiff is not entitled to such discovery in every situation, but rather only when the allegations are sufficient to articulate a colorable basis for personal jurisdiction, which could be established with further development of the factual record." Leon, 992 F. Supp. 2d at 195.

In Ayyash v. Bank Al–Madina, No. 04 Civ. 9201 (GEL), 2006 WL 587342 (S.D.N.Y. March 9, 2006), the court explained:

> District courts have considerable discretion in determining how to best handle jurisdictional questions, and generally may allow plaintiff to conduct limited discovery with respect to the jurisdictional issue. Such discovery has typically been authorized where the plaintiff has made a threshold showing that there is some basis for the assertion of jurisdiction [,] facts that would support a colorable claim of jurisdiction.

Id. at *5 (internal quotation marks and citations omitted).

Here, the allegations in the amended complaint – in particular, those relating to Wheeler's high-level position within King Mountain – are sufficient to warrant jurisdictional discovery. Based upon these and the other allegations in the complaint, in its discretion, the Court concludes, that the State has established a "sufficient start" of establishing personal jurisdiction. Accordingly, jurisdictional discovery will be allowed so that the State may develop a record relevant to the extent of Wheeler's contacts with New York State.

C. The Rule 12(b)(6) Motion

"The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982).

Here, as noted above, although the Court finds that based on the existing record, it does not have personal jurisdiction over Wheeler, the Court is denying Wheeler's motion to dismiss on that ground without prejudice with leave to renew after jurisdictional discovery as to him. Given this procedural posture, even if the Court had authority resolve that part of Wheeler's motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court declines to exercise that authority. Rather, the Court denies that part of Wheeler's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice.

22

However, the Court pauses to note that the amended complaint does not allege a single fact connecting Wheeler to the alleged sale of unstamped cigarettes in New York, but rather asserts only conclusions about "defendants." "This type of group pleading is inadequate to state a claim." Zurich Am. Ins. Co. v. Pah Sing Bank. Ltd., No. 03 Civ.7778 (DLC), 2004 WL 1328218, *6 (S.D.N.Y. 2004)(where the Court chastised the plaintiff for "lump[ing] three bank defendants together"); Amiron Dev. Corp. v. Sytner, No. 12–CV–3036 (JS), 2013 WL 1332725, at *6 (E.D.N.Y. Mar. 29, 2013)(finding that group pleading did not satisfy the requirements of Rule 8 where the defendants were not individually mentioned in the facts section of the complaint or in any exhibits).

Further, the contents of the Leung Declaration may not be considered in ruling on a motion to dismiss, as a plaintiff may not supplement a deficient pleading through additional facts contained in affidavits. See Goodman v. Port Authority of N.Y. and N.J., 850 F. Supp. 2d 363, 380 (S.D.N.Y. 2012)("memoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint") (citations omitted).

That said, the Court is of the view that jurisdictional discovery as to Wheeler may shed light on the State's substantive allegations against him. In that event, the State may seek leave to amend the amended complaint to cure the admitted deficiencies. Therefore, the Court denies Wheeler's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice with leave to renew after the conclusion of jurisdictional discovery as to Wheeler.

D.  Wheeler's Objections to the July 30, 2014 Order Issued by Judge Wall Denying His
    Motion for a Protective Order

Wheeler also filed objections to the July 30, 2014 order issued by Judge Wall

denying his motion for a protective order, seeking a stay of discovery as to him pending

the resolution of his motion to dismiss.  Having granted the State jurisdictional discovery

as to Wheeler and denied the motion to dismiss without prejudice to renew after the

conclusion of that discovery, the Court denies Wheeler's objections as moot.

## III.  CONCLUSION

For the foregoing reasons, the Court denies that part of Wheeler's motion to dismiss for

lack of proper service.  The Court also denies without prejudice and, with leave to renew

following the completion of jurisdictional discovery as to Wheeler, that part of Wheeler's motion

to dismiss for lack of "minimum contacts" personal jurisdiction and for failure to state a claim

upon which relief can be granted.  The parties shall confer on the appropriate schedule for

jurisdictional discovery as to Wheeler and submit a joint letter outlining a proposed schedule to

United States Magistrate Judge Steven I. Locke no later than October 22, 2014.  Finally, the

Court denies as moot Wheeler's objections to the July 30, 2014 order issued by Judge Wall

denying his motion pursuant to Fed. R. Civ. P. 26(c)(1)(D).


**SO ORDERED.**
Dated: Central Islip, New York
October 8, 2014

                                          _Arthur D. Spatt_                         _
                                            ARTHUR D. SPATT
                                         United States District Judge