**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
STATE OF NEW YORK,

               Plaintiff,

                                        **DECISION AND ORDER**

       -against-                     12-cv-6276 (ADS)(SIL)

MOUNTAIN TOBACCO COMPANY, d/b/a
KING MOUNTAIN TOBACCO COMPANY
INC. and DELBERT WHEELER, SR.,

               Defendants.
----------------------------------------------------------X

<u>**APPEARANCES:**</u>

**Eric T. Schneiderman, Attorney General of the State of New York**
*Attorneys for the Plaintiff*
120 Broadway
New York, NY 10007
    By: Christopher K. Leung
        Dana H. Biberman
        Assistant Attorneys General

**Johnson Barnhouse & Keegan LLP**
*Attorneys for the Defendant Mountain Tobacco Company d/b/a King Mountain Tobacco*
*Company, Inc.*
7424 4th St NW
Los Ranchos De Albuq, NM 87107
    By: Kelli J. Keegan, Esq.
        Randolph Barnhouse, Esq., Of Counsel

**Petrillo Klein & Boxer LLP**
*Attorneys for the Defendant Mountain Tobacco Company d/b/a King Mountain Tobacco*
*Company, Inc.*
655 3rd Avenue, 22nd Floor
New York, NY 10017
    By: Nelson A. Boxer, Esq.
        Philip N. Pilmar, Esq.
        Jill Caroline Barnhart, Esq., Of Counsel

**Hamburger, Maxson, Yaffe & McNally LLP**
*Attorneys for the Defendant Delbert Wheeler, Sr.*
225 Broadhollow Road, Suite 301E
Melville, NY 11747
    By: David N. Yaffe, Esq.
       Andrew K. Martingale, Esq., Of Counsel

**SPATT, District Judge**.

On December 21, 2012, the Plaintiff State of New York (the "State") filed this complaint against the Defendant Mountain Tobacco Company, d/b/a/ King Mountain Tobacco Company Inc. ("King Mountain"); Mountain Tobacco Distributing Company Inc. ("Mountain Tobacco Distributing"); and Delbert Wheeler, Sr. ("Wheeler"), alleging violations of the Contraband Cigarette Trafficking Act, 18 U.S.C. §§2341-2346 ("the CCTA"), the Prevent All Cigarette Trafficking Act, 15 U.S.C. §§ 375-378 ("the PACT Act"), and New York State tax and executive laws concerning the tax stamping and sale of cigarettes within the state. On February 12, 2013, the State filed an amended complaint.

The following factual allegations are drawn from the amended complaint. The State is a sovereign entity that brings this action on behalf of its citizens and residents to protect the public health, safety, and welfare, and to enforce federal and state law for those purposes.

King Mountain is a corporation formed under the laws of the Yakama Nation of Indians. King Mountain is engaged in the business of manufacturing, selling, transferring, transporting, and shipping its cigarettes for profit. King Mountain advertises and offers its cigarettes for sale, transfer, transport, and shipment throughout the United States, including New York. Although King Mountain is not owned or operated by the Yakama Nation Tribe, King Mountain is located within the Yakama Indian Reservation. King Mountain's principal place of business and cigarette-manufacturing factory is located at 2000 Fort Simcoe Rd., White Swan, Washington. Its warehouse and distribution facility is located at 2000 Signal Peak Road, White Swan,

Washington. Its registered office is located at Box 669, White Swan, Washington. Wheeler, an individual, is a resident of Washington State and is the President, co-founder, and 50% co-owner of King Mountain.

King Mountain manufactures the King Mountain brand of cigarettes on the Yakama Reservation in the State of Washington. It then sells, transfers, or assigns the cigarettes to retailers and/or wholesalers in New York State. According to the State, King Mountain has sold and shipped, and continues to sell and ship, large quantities of unstamped, untaxed, and unreported cigarettes into Indian reservations located in New York State in violation of N.Y. Tax Law § 470, *et seq*.

Although the amended complaint asserts five claims for relief against the "defendants," the State has, through the declaration of Assistant Attorney General Christopher K. Leung dated June 16, 2014 (Docket No. 99-2), represented that, in fact, only two claims – under the CCTA and PACT Act – are asserted against Wheeler.

On May 9, 2013, the State voluntarily dismissed the action against Mountain Tobacco Distributing pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a)(1).

On May 16, 2014, Wheeler moved pursuant to Fed. R. Civ. P. 12(b)(5), (2), and (6) to dismiss the amended complaint as against him for lack of proper service, lack of "minimum contacts" personal jurisdiction, and failure to state a claim upon which relief can be granted. Notably, Wheeler did not argue that as an "Indian in Indian Country," certain sections of the CCTA did not, on the State's allegations, apply to him or his conduct. Nor did Wheeler argue that the PACT Act claim, on the State's allegations, applies to him or his conduct. King Mountain did not join in Wheeler's motion.

On October 8, 2014, the Court denied that part of Wheeler's motion to dismiss for lack of proper service. The Court also denied without prejudice and, with leave to renew following the completion of jurisdictional discovery as to Wheeler, that part of Wheeler's motion to dismiss the amended complaint for lack of "minimum contacts" personal jurisdiction and for failure to state a claim upon which relief can be granted. New York v. Mountain Tobacco Co., No. 12-CV-6276 (ADS)(SIL), 2014 WL 5026382, at *1 (E.D.N.Y. Oct. 8, 2014). With regard to that part of Wheeler's motion to dismiss the amended complaint as against him for failure to state a claim upon which relief can be granted, the Court noted that "the amended complaint does not allege a single fact connecting Wheeler to the alleged sale of unstamped cigarettes in New York." Id. at *12. However, the Court stated its "view that jurisdictional discovery as to Wheeler may shed light on the State's substantive allegations against him. In that event, the State may seek leave to amend the amended complaint to cure the admitted deficiencies." Id. at *13.

On November 12, 2014, Wheeler moved, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the amended complaint as against him for lack of subject matter jurisdiction with regard to either the CCTA or PACT Act claim.

The Court first addresses the CCTA claim against Wheeler. Of relevance here, "[t]he CCTA makes it 'unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes.'" City of New York v. LaserShip, Inc., No. 13 CIV. 7535 (GBD), 2014 WL 3610927, at *5 (S.D.N.Y. July 10, 2014)(quoting 18 U.S.C. § 2342(a)).

Here, in support of that part of Wheeler's motion to dismiss the CCTA claim against him for lack of subject matter jurisdiction, he relies, for the first time, on Section 2346(b)(1) of the CCTA which provides that "[n]o civil action may be commenced . . . against an Indian tribe or an Indian in Indian country." Wheeler contends that he is "an Indian in Indian country" and,

4

therefore, the CCTA does not provide the State with enforcement authority against him and there is no basis for subject matter jurisdiction over this claim against Wheeler.

However, Wheeler cites no authority, and this Court has uncovered none, for the proposition that whether a defendant is "an Indian in Indian Country" under the CCTA constitutes a jurisdictional prerequisite to bringing such a claim. Rather, Wheeler improperly conflates the question of this Court's subject matter jurisdiction with the merits question as to whether the State can prove that the federal statute at issue applies to him or his conduct. See City of New York v. Gordon, 1 F. Supp. 3d 94, 103 n. 2 (S.D.N.Y. 2013)(describing the language "Indian in Indian Country" as a "bar" to or "exemption" from a CCTA claim).

Understood this way, Wheeler could have raised this argument in his initial motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(g)(2) states, in relevant part: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Subdivision (h)(2), in turn, refers to a motion pursuant to Rule 12(c) for judgment on the pleadings or a motion for failure to state a claim upon which relief can be granted at trial. Thus, Rule 12(g)(2) precludes Wheeler from asserting the argument that he is "an Indian in Indian Country" except in the form of a motion for judgment on the pleadings under Rule 12(c) or as a motion for failure to state a claim upon which relief can be granted at the trial. Presumably to circumvent this prohibition against "successive motions" and the Court's October 8, 2014 directive that Wheeler not renew his motion to dismiss the amended complaint for failure to state a claim until after the completion of jurisdictional discovery as to him, Wheeler frames the statutory exception under the CCTA for

"an Indian in Indian Country" as an issue of subject matter jurisdiction, which can be raised at any time.

However, "jurisdiction is an issue distinct from and logically prior to the merits of a claim, and the Supreme Court has held that 'the nonexistence of a cause of action [i]s no proper basis for a jurisdictional dismissal.'" <u>Lotes Co. v. Hon Hai Precision Indus. Co.</u>, 753 F.3d 395, 403 n. 3 (2d Cir. 2014)((quoting <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 96, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)(discussing <u>Bell v. Hood</u>, 327 U.S. 678, 682, 66 S. Ct. 773, 90 L. Ed. 939 (1946)); <u>see also</u> <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 511, 126 S. Ct. 1235 (2006)("Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief — a merits-related determination.").

Pursuant to 28 U.S.C. § 1331, district courts have original subject matter jurisdiction "over all civil actions arising under the [United States] Constitution and the laws and treaties of the United States." "Under the 'well-pleaded complaint rule,' federal jurisdiction is present only if a question of federal law appears on the face of the plaintiff's well-pleaded complaint'— thus requiring a court to ignore any and all answers, defenses, and counterclaims." <u>Sleppin v. Thinkscan.com, LLC</u>, No. 14-CV-1387 (ADS)(ARL), 2014 WL 5431352, at *3 (E.D.N.Y. Oct. 23, 2014)(citation omitted); <u>see also</u> <u>Fleet Bank, Nat'l Ass'n v. Burke</u>, 160 F.3d 883, 886 (2d Cir. 1998)("[The well-pleaded complaint] rule requires a complaint invoking federal question jurisdiction to assert the federal question as part of the plaintiff's claim and precludes invoking federal question jurisdiction merely to anticipate a federal defense.")(internal citations omitted).

Here, the State's claim under the CCTA, a federal statute, clearly raises an issue of federal law as required by 28 U.S.C. § 1331. Accordingly, the Court denies that part of Wheeler's motion to dismiss the CCTA claim for lack of subject matter jurisdiction.

The same reasoning applies to the State's PACT Act claim against Wheeler. Of relevance here, the PACT Act "imposes strict restrictions on the 'delivery sale' of cigarettes and smokeless tobacco." Red Earth LLC v. United States, 657 F.3d 138, 141 (2d Cir. 2011). A "delivery sale" occurs when the buyer and seller are not in each other's physical presence at the time the buyer requests or receives the cigarettes, as when cigarettes are ordered over the internet and delivered by mail. 15 U.S.C. § 375(5). In order to "prevent tobacco smuggling" and "ensure the collection of all tobacco taxes," the statute demands that delivery sellers "comply with the same laws that apply to law-abiding tobacco retailers." Pub. L. No. 111–154, § 2(a), 124 Stat. 1087-88 (2010). To that end, the PACT Act requires delivery sellers to pay excise taxes, obey licensing and tax-stamping requirements, and otherwise comply with state and local tobacco laws "as if the delivery sales occurred entirely within the specific State and place" where the tobacco product is delivered. 15 U.S.C. § 376a(a)(3).

A "delivery sale" "means any sale of cigarettes or smokeless tobacco to a consumer." Id. § 375(5). A "consumer," in turn, is defined as: (A) "any person that purchases cigarettes or smokeless tobacco; and (B) does not include any person lawfully operating as a manufacturer, distributor, wholesaler, or retailer of cigarettes or smokeless tobacco." Id. § 375(4)(A),(B).

In this case, Wheeler argues that the amended complaint does not allege that Wheeler is a "delivery seller" but is rather concerned with cigarette sales to tribal wholesalers and/or retailers which, by definition, are not "consumers" under the PACT Act. Therefore, according to

Wheeler, this Court lacks subject matter jurisdiction over the State's PACT Act claim against him.

However, again, Wheeler cites no authority, and this Court has uncovered none, for the proposition that whether a defendant is a "delivery seller" under the PACT Act constitutes a jurisdictional prerequisite to bringing such a claim. As Wheeler does with the CCTA claim against him, he confuses the question of this Court's subject matter jurisdiction with the merits question as to whether the State can prove that the federal statute at issue applies to him or his conduct.

Here, the State's claim under the CCTA, a federal statute, clearly raises an issue of federal law. Accordingly, the Court denies that part of Wheeler's motion to dismiss the PACT Act claim for lack of subject matter jurisdiction.

This is not stay that the State's claims against Wheeler under the CCTA or PACT Act would withstand Rule 12(b)(6) scrutiny. As noted above, a litigant who fails to raise a particular argument in a pre-answer motion to dismiss under Rule 12(b)(6) that was "available" to him or her at the time the motion was made may nonetheless raise that argument in a Rule 12(c) motion for judgment on the pleadings following the filing of an answer. Here, however, the Court cannot construe Wheeler's instant motion as one made under Rule 12(c) for judgment on the pleadings because Wheeler has yet to file an answer. <u>Rubino v. Town of Babylon</u>, No. 09-CV-5187 (DRH)(AKT), 2012 WL 928252, at *1 (E.D.N.Y. Mar. 19, 2012)("The County moves for judgment on the pleadings pursuant to Rule 12(c). Because the County has yet to file an Answer to the Amended Complaint, however, it appears this motion is more appropriately made pursuant to Rule 12(b)(6).").

Furthermore, even if Wheeler had filed an answer, at this time the Court may not construe and consider Wheeler's present motion as one to dismiss for failure to state a claim upon which relief can be granted because the Court has previously found that it does not, based on the existing record, have personal jurisdiction over Wheeler. Mountain Tobacco, 2014 WL 5026382, at *12 ("although the Court finds that based on the existing record, it does not have personal jurisdiction over Wheeler, the Court is denying Wheeler's motion to dismiss on that ground without prejudice with leave to renew after jurisdictional discovery as to him.").

Indeed, the Court previously recognized that, given this procedural posture, it may not have authority to resolve a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Id. ("even if the Court had authority to resolve that part of Wheeler's motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court declines to exercise that authority.").

Upon closer review of the case law, it is clear that that Court may not yet resolve a motion to dismiss for failure to state a claim. Indeed, "[t]he validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963)("[L]ogic compel[s] initial consideration of the issue of jurisdiction over the defendant - a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim.")(emphasis added).

The Court recognizes that requiring Wheeler to incur the expense of jurisdictional discovery if, as he maintains, the amended complaint fails to state a cause of action against him, is somewhat unfair to him. However, such unfairness occurs whenever a court directs

jurisdictional discovery while a motion to dismiss the complaint for failure to state a claim is contemplated or pending.

To be sure, "[t]he [C]ourt notes that a party is not entitled to discovery as of right; a plaintiff must <u>first</u> state a claim upon which relief may be granted." <u>Baird v. Kingsboro Psychiatric Ctr.</u>, No. 11-CV-159 (NGG)(LB), 2013 WL 5774288, at *5 (E.D.N.Y. Oct. 24, 2013)(emphasis added); <u>Smartwater, Ltd. v. Applied DNA Sciences, Inc.</u>, No. 12-CV-5731 JS AKT, 2013 WL 5440599, at *6 (E.D.N.Y. Sept. 27, 2013)("Insofar as Plaintiff seems to seek discovery, and flesh out its claims later, this is inappropriate."); <u>Bridgewater v. Taylor</u>, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010)("As a general proposition, a litigant has to state a claim before he or she is entitled to discovery."); <u>KBL Corp. v. Arnouts</u>, 646 F. Supp. 2d 335, 346 n. 6 (S.D.N.Y. 2009)("[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6) . . . .").

However, the above-mentioned cases do not address jurisdictional discovery, which a court may, under certain circumstances, order notwithstanding the fact that a plaintiff may not have stated a claim upon which relief can be granted. <u>See</u> <u>Yai v. Progressive Bayside Ins. Co.</u>, No. CIVA 1:08CV1369 (JOF), 2009 WL 383362, at *6 (N.D. Ga. Feb. 12, 2009)("A plaintiff is not entitled to <u>non-jurisdictional discovery</u> before responding to a motion to dismiss based on the allegations in the plaintiff's complaint."); <u>compare</u> <u>Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.</u>, No. 14-CV-3506 (SAS), 2014 WL 6682622, at *13 (S.D.N.Y. Nov. 24, 2014)("While jurisdictional discovery is ongoing with respect to the Foreign Defendants, the Court can consider the motions to dismiss for failure to state a claim brought by the domestic defendants — Oriental N.Y. and N.K. Nigam.")

In any event, as noted above, the Court lacks the power to dismiss the amended complaint for failure to state a claim as against Wheeler, absent personal jurisdiction over him. <u>Arrowsmith</u>, 320 F.2d at 221.  Therefore, the Court cannot construe Wheeler's motion as one to dismiss for failure to state a claim upon which relief can be granted.

In sum, the Court denies Wheeler's motion pursuant to Rule 12(b)(1) to dismiss the amended complaint as against him for lack of subject matter jurisdiction.

**SO ORDERED.**
Dated: Central Islip, New York
December 16, 2014

*Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge
