# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:            (917) 273-2693
nboxer@pkbllp.com

October 27, 2015

**By ECF**

Hon. Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **State of New York v. King Mountain
No. 2:12-cv-06276 (JS) (SIL)**

Dear Judge Seybert:

We represent defendant Mountain Tobacco Company, d/b/a King Mountain Tobacco Company Inc. ("King Mountain"), in the above-referenced action, and we respectfully submit this letter, pursuant to section IV.F.2. of Your Honor's Individual Rules of Practice, to request a pre-motion conference and permission to move for summary judgment as to Claims One, Two and Three of the Amended Complaint. King Mountain and Plaintiff have completed discovery and have exchanged a Statement and a Counterstatement of undisputed facts in accordance with Local Rule 56.1, copies of which are attached.[1]

It is undisputed that King Mountain: is a corporation formed and organized under the laws of the Yakama Indian Nation; is solely owned by a member of the Yakama Tribe, Mr. Delbert Wheeler, Sr.; manufactures cigarettes (including its manufacturing facility, warehouse, distribution facility, business offices, and farm where most of the tobacco in its cigarettes is grown) on the Yakama Indian Reservation, which is located within the boundaries of the State of Washington; holds a Chapter 52, federal permit as a manufacturer of tobacco products; and makes sales to companies owned by an Indian Nation or by a member of an Indian Nation, that are situated on an Indian Nation, within the boundaries of the State of New York.

---

[1] Plaintiff voluntarily dismissed its action against Mountain Tobacco Distributing Company on May 3, 2013. Plaintiff did not affect service of the Amended Complaint on defendant Delbert Wheeler, Sr., until March 28, 2014. Following a motion to dismiss, a Decision and Order from the Court, and jurisdictional discovery, on August 14, 2015, Mr. Wheeler renewed his motion to dismiss the Amended Complaint for lack of personal jurisdiction and for failure to state a claim. That motion is not yet fully submitted to the Court.

  Claim One alleges against King Mountain a violation of the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. §§ 2341-2346, for shipping "hundreds of thousands of untaxed and unstamped [contraband] cigarettes in and into the State of New York" without State tax stamps evidencing payment of New York excise taxes. Summary judgment should be granted for King Mountain because: (i) the CCTA excludes from the definition of "contraband cigarettes" those cigarettes possessed by "a person holding a permit issued pursuant to chapter 52 of the Internal Revenue Code of 1986 as a manufacturer of tobacco products," 18 U.S.C. § 2341(2)(A), and King Mountain holds such a permit; (ii) the CCTA provides that "[n]o civil action may be commenced under this paragraph against … an Indian in Indian country," 18 U.S.C. § 2346(b)(1), and King Mountain is an Indian in Indian country; (iii) the CCTA does not apply to King Mountain's sales of cigarettes to companies owned by an Indian Nation or by a member of an Indian nation, situated within New York's boundaries, because those cigarettes were not required under New York law to bear tax stamps at the time of King Mountain's sales and therefore were not "contraband cigarettes" under the CCTA (as that term is defined in 18 U.S.C. § 2341(2)); and (iv) enforcement of the CCTA against King Mountain unlawfully infringes upon the Treaty between the Yakama people and the United States (*see United States v. Smiskin*, 487 F.3d 1260 (9th Cir. 2007) (affirming dismissal of CCTA indictment against two members of the Yakama Nation for transporting cigarettes from Indian country located within the boundaries of Idaho to Indian country located within the boundaries of Washington because the CCTA conflicted with the Yakama Treaty)).

  Claim Two alleges against King Mountain a violation of the Prevent All Cigarette Trafficking ("PACT") Act, 15 U.S.C. § 376, for failing "to submit certain filings to the tobacco tax administrator for the State of New York …." Summary judgment should be granted for King Mountain because the filing requirements of the PACT Act only apply to a person who sells, transfers, or ships cigarettes "in interstate commerce," 15 U.S.C. § 376(a), which is defined as "commerce between a State and any place outside the State, commerce between a State and any Indian country in the State, or commerce between points in the same State but through any place outside the State or through any Indian country." 15 U.S.C. § 375(9)(A). Because King Mountain's sales of cigarettes from Indian country located within the boundaries of one state (Washington) to Indian country located within the boundaries of another state (New York) are excluded from the definition of interstate commerce – the PACT Act treats a "State" ("each of the several States of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any territory or possession of the United States," 15 U.S.C. § 375(11)) and "Indian country" ("all land within the limits of any Indian reservation under the jurisdiction of the United States Government … all dependent Indian communities … [and] all Indian allotments," 15 U.S.C. § 375(7) and 18 U.S.C. § 1151)) as distinct – the PACT Act does not apply to King Mountain's sales of cigarettes to Indian country within the boundaries of New York.

  Claim Three alleges against King Mountain a violation of New York Tax Law §§ 471 and 471-e, for "possessing [] for sale in New York State [] King Mountain brand cigarettes … upon which no state excise tax has been paid, and the packages of which have no tax stamps affixed." Summary judgment should be granted for King Mountain because in a 2014 New York State administrative proceeding in the New York State Division of Tax Appeals it was finally determined that King Mountain owes $0 under New York Tax laws for King Mountain cigarettes seized in New York State on December 3, 2012 (*see* ECF No. 6 (Amended Complaint, ¶¶ 67-69);

Hon. Joanna Seybert
October 27, 2015
Page 3

ECF No. 13 (State's Motion for a Preliminary Injunction, pp. 6-7, 13-15); and ECF No. 17 (Declaration of Dana Biberman in Support of State's Motion for a Preliminary Injunction, ¶¶ 19-25), each of which relies on the King Mountain cigarettes seized in New York State on December 3, 2012). As a result, res judicata precludes re-litigation (including regarding any evidence that could have been presented in the administrative proceeding) of Claim Three.

For the foregoing reasons, we respectfully request a pre-motion conference and permission to move on behalf of King Mountain for summary judgment as to Claims One, Two and Three of the Amended Complaint.

Respectfully submitted,

Nelson A. Boxer