UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STATE OF NEW YORK,

                        Plaintiff,          MEMORANDUM & ORDER
                                            12-CV-6276(JS)(SIL)

        -against-

MOUNTAIN TOBACCO COMPANY, d/b/a
KING MOUNTAIN TOBACCO COMPANY, INC.,
and DELBERT WHEELER, SR.,

                        Defendants.
----------------------------------------X
APPEARANCES:
Plaintiff:          Christopher K. Leung, Esq.
                    Dana H. Biberman, Esq.
                    Marc A. Konowitz, Esq.
                    Sara Beth Evans, Esq.
                    NYS Office of the Attorney General
                    120 Broadway, 3rd Floor
                    New York, NY 10271


For Defendants:
Mountain Tobacco
Company             Kelli J. Keegan, Esq.
                    Randolph Barnhouse, Esq.
                    Johnson Barnhouse & Keegan LLP
                    7424 4th St NW
                    Los Ranchos De Albuq, NM 87107

                    Nelson A. Boxer, Esq.
                    Jill C. Barnhart, Esq.
                    Philip Nathan Pilmar, Esq.
                    Petrillo Klein & Boxer LLP
                    655 3rd Avenue, 22nd Floor
                    New York, NY 10017


Delbert Wheeler     David N. Yaffe, Esq.
                    Andrew K. Martingale, Esq.
                    William P. Caffrey, Esq.
                    Hamburger, Maxson, Yaffe & McNally LLP
                    255 Broadhollow Road, Suite 301E
                    Melville, NY 11747

SEYBERT, District Judge:

Presently pending before the Court is defendant Delbert Wheeler, Sr. ("Wheeler")'s motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(6). (Docket Entry 169.) For following reasons, Wheeler's motion is GRANTED.

<u>BACKGROUND</u>

I.  <u>The Amended Complaint</u>[1]

The State's Amended Complaint dated May 21, 2014[2] asserts claims pursuant to the Contraband Cigarette Trafficking Act ("CCTA"), the Prevent All Cigarette Trafficking Act ("PACT Act"), New York Executive Law § 156-c, and New York Tax Law §§ 471, 1814, and 480-b against defendant Mountain Tobacco Company doing business as King Mountain Tobacco Company, Inc. ("King Mountain") and Wheeler (collectively, "Defendants"). (Am. Compl., Docket Entry 96.) The State seeks to enjoin Defendants from making allegedly illegal cigarette sales and shipments in and into New York and also requests civil penalties, attorney fees, and costs. (Am. Compl. ¶ 3.)

---

[1] The following facts are taken from the Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The State initially filed an unsigned Amended Complaint on February 13, 2013. (Docket Entry 6.) The Amended Complaint was subsequently signed and refiled on May 21, 2014. (Docket Entry 96.)

The Amended Complaint alleges that Wheeler is the President, co-founder, and fifty percent owner of King Mountain, a corporation formed pursuant to the laws of the Yakama Nation, that "advertises and offers its cigarettes for sale, transfer, transport, and shipment throughout the United States, including New York." (Am. Compl. ¶¶ 8, 10.) King Mountain is located within the Yakama Indian Reservation; however, the Yakama Nation does not own or operate King Mountain. (Am. Compl. ¶ 8.)

King Mountain brand cigarettes are manufactured on the Yakama Reservation in Washington State and then sold, transferred, or assigned to New York State retailers and/or wholesalers. (Am. Compl. ¶ 55.) Plaintiff New York ("the State") alleges that Defendants have, "upon information and belief, knowingly shipped, transported, transferred, sold and distributed large quantities of unstamped and unreported cigarettes to on-reservation wholesalers in New York State." (Am. Compl. ¶ 56.)[3] Although substantial quantities of King Mountain cigarettes have been offered for sale

---

[3] The Amended Complaint alleges that New York State, with certain exceptions, requires that "all cigarettes possessed for sale in New York must be stamped." (Am. Compl. ¶ 26.) The State further avers that under New York State's amended tax law, cigarettes that are transported to qualified reservations for sale must contain a cigarette tax stamp on the package. (Am. Compl. ¶ 37.) "As a result, cigarettes shipped, delivered, or otherwise transferred to reservations in New York State by manufacturers, distributors, wholesalers, or stamping agents, must be stamped, regardless of whether they are to be sold to an Indian nation or tribe or its members or reservation cigarette sellers." (Am. Compl. ¶ 38.)

at New York State on-reservation retailers, no New York state-licensed stamping agent has reported sales of King Mountain cigarettes in New York to the New York State Department of Taxation and Finance. (Am. Compl. ¶¶ 31, 57-58.)

On November 6, 2012, investigators from the New York State Office of the Attorney General purchased a carton of King Mountain cigarettes for $25.00 at the Rising Native Sisters smoke shop located on the Poospatuck Reservation in Mastic, New York. (Am. Compl. ¶¶ 61-62, 64.) The New York State excise tax is $43.50 per carton. (Am. Compl. ¶ 66.) Additionally, the carton purchased by the investigator did not bear a New York State cigarette tax stamp. (Am. Compl. ¶ 65.)

On December 3, 2012, New York State police stopped a truck at a commercial checkpoint in Clinton County, New York. (Am. Compl. ¶ 67.) Upon inspection, the State Police discovered 8,400 cartons (84,000 packs) of unstamped King Mountain cigarettes. (Am. Compl. ¶ 67.) According to the State Police, "the truck was en route to land occupied by the Ganienkeh Group in Clinton County, New York." (Am. Compl. ¶ 67.)

II. Wheeler's First Motion to Dismiss

On May 16, 2014, Wheeler moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), (b)(2), and (b)(6). See New York v. Mountain Tobacco Co., 55 F. Supp. 3d 301, 306 (E.D.N.Y. 2014) ("Mountain Tobacco I")

4

(Spatt, J.). Wheeler's motion seeking dismissal based on the State's alleged failure to properly effect service was denied. Id. at 310.

Judge Spatt held that the State's federal claims do not provide for nationwide service of process and, accordingly, New York's long-arm statute controls. Id. The Court noted that the Amended Complaint does not assert that Wheeler personally transacted business or committed a tortious act in New York; instead, the State relied on an agency theory "to argue that Wheeler used King Mountain as his agent and, therefore, King Mountain's contacts can be imputed to Wheeler." Id. at 312. Judge Spatt held that the State's agency theory failed on two grounds: (1) the State did not sufficiently establish that King Mountain engaged in purposeful activities in New York State for Wheeler's benefit, and (2) the State did not demonstrate that King Mountain directed Wheeler to perform any acts in New York. Id. Specifically, "[b]y grouping [his] activities with the alleged conduct of [King Mountain], [the State] provide[s] no basis for the Court to determine whether [Wheeler] was a primary actor orchestrating the allegedly tortious conduct, or [whether he was] named in the complaint simply because [his] name appeare[d] at the top of [King Mountain's] masthead." Id. (internal quotation marks and citation omitted; alterations in original).

Additionally, Judge Spatt noted that the State submitted a declaration that contained statements relating to the assertion of personal jurisdiction over Wheeler. _Id._ at 313. The assistant attorney general who submitted the declaration "attested to facts to which he does not have personal knowledge" and conceded that his allegations regarding "the actions of non-State actors [are] based on information and belief." _Id._ (internal quotation marks omitted; alteration in original). Thus, the State's declaration was disregarded to the extent that it asserted facts that were not based on the assistant attorney general's personal knowledge. _Id._

Nevertheless, Judge Spatt granted the State's request for jurisdictional discovery "so that the State may develop a record relevant to the extent of Wheeler's contacts with New York State." _Id._ at 314. Wheeler's motion seeking dismissal pursuant to Rule 12(b)(6) was also denied without prejudice and with leave to renew after the completion of jurisdictional discovery. _Id._ at 314-15.

III.  Wheeler's Motion

On August 14, 2015, Wheeler filed the instant motion to dismiss pursuant to Rule 12(b)(2) and (b)(6) alleging the absence of personal jurisdiction and the State's failure to state a claim upon which relief can be granted.[4]  (Def.'s Mot., Docket Entry

---

[4] The Court notes that on November 12, 2014, prior to filing the instant motion, Wheeler filed a motion to dismiss pursuant to Rule 12(b)(1), which was denied by Judge Spatt on December 16,

169.)  With respect to Rule 12(b)(2), Wheeler alleges that jurisdictional discovery has not remedied the Amended Complaint's failure to include sufficient allegations to confer personal jurisdiction over him.  (Def.'s Br., Docket Entry 169-6, at 22.) Wheeler asserts that such an exercise of jurisdiction would not comport with due process because Wheeler resides in the Yakama Nation in Washington State, has never been to New York, and does not transact business, possess an office, or own real property in New York.  (Def.'s Br. at 24.)

A.   The State's Opposition

The State opposes Wheeler's motion and alleges that personal jurisdiction over Wheeler is appropriate.  (Pl.'s Br., Docket Entry 171, at 6.)  The State's opposition consists of a memorandum of law and an attorney declaration.  (<u>See</u> Pl.'s Br.; Pl.'s Decl., Docket Entry 171-1.)  The State's attorney declaration cites to numerous documents, including but not limited to the transcripts of depositions taken in this matter; however, the State failed to annex any of these documents to its opposition.  (<u>See generally</u> Pl.'s Decl.)

The State alleges that King Mountain is Wheeler's "agent" and that Wheeler is a primary actor who has benefited from King Mountain's activities and is significantly financially

---

2014.  <u>New York v. Mountain Tobacco</u>, 66 F. Supp. 3d 293 (E.D.N.Y. 2014) ("<u>Mountain Tobacco II</u>").

interrelated with the activities of the corporation.  (Pl.'s Br.
at 7, 9.)  The State also argues that the exercise of personal
jurisdiction over Wheeler comports with due process requirements
because Wheeler has the requisite minimum contacts with New York;
the exercise of jurisdiction over Wheeler will cause minimal burden
to him; court appearances in this action have been infrequent and
Wheeler has retained local counsel; New York has a substantial
interest in a New York court interpreting its state law claims;
and New York is the most convenient forum because the State of New
York commenced this action on behalf of all New Yorkers.  (Pl.'s
Br. at 9-11.)

     B.   <u>Wheeler's Reply</u>

     In his reply brief, Wheeler alleges that the State's
declaration is not factually supported because it "does not assert
that [the attorney] has personal knowledge of the 'facts' attested
to therein, is rife with attorney argument, attests to facts to
which attorney Leung could not possibly have any personal
knowledge, and summarizes documents and testimony which are not
before the court."  (Def.'s Reply Br., Docket Entry 179, at 7.)
Additionally, Wheeler argues that the State inappropriately relies
on pleadings filed in other actions "as if they are proven facts."
(Def.'s Reply Br. at 8.)  Notwithstanding the alleged defects of
the State's declaration, Wheeler avers that the State has not
demonstrated that Wheeler was a "primary actor" in the New York

transactions giving rise to this litigation, namely, the presence of unstamped cigarettes for sale at the Poospatuck Reservation, the presence of unstamped cigarettes on a truck in Clinton County, and the failure to file documents with the New York State tobacco tax administrator.  (Def.'s Reply Br. at 9-10.)

Wheeler further alleges that the State failed to amend or move for leave to amend the Amended Complaint following the close of jurisdictional discovery despite the Court's prior warning that the State may not save deficient substantive allegations by way of an attorney declaration.  (Def.'s Reply Br. at 1-2.)

IV.  The December 2015 Electronic Order

The Court's Electronic Order dated December 14, 2015 directed the State to file copies of all documents cited in its declaration on ECF on or before December 28, 2015.  On December 28, 2015, the State filed an additional declaration that contains a list of numbered exhibits along with the exhibits themselves.  (See Docket Entries 190 and 191.)  The Court notes that the State's original declaration does not reference any numbered exhibits and instead cites to document names.  (See generally Pl.'s Decl.)

V.  Oral Argument

The Court conducted oral argument regarding Wheeler's motion on January 8, 2016.

9

DISCUSSION

## I. <u>Personal Jurisdiction</u>

Prior to addressing Wheeler's motion to dismiss pursuant to Rule 12(b)(6), the Court must first determine the preliminary issue of personal jurisdiction. <u>Hertzner v. U.S. Postal Serv.</u>, No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007). <u>See also</u> <u>Mende v. Milestone Tech., Inc.</u>, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) ("Before addressing Defendants' Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary questions of service and personal jurisdiction.")

### A. <u>Legal Standard</u>

The plaintiff bears the burden of demonstrating personal jurisdiction over the person or entity being sued. <u>Penguin Grp. (USA) Inc. v. Am. Buddha</u>, 609 F.3d 30, 34 (2d Cir. 2010) (citation omitted). The nature of the plaintiff's obligation to establish personal jurisdiction varies based on the litigation's procedural posture. <u>Ball v. Metallurgie Hoboken-Overpelt, S.A.</u>, 902 F.2d 194, 197 (2d Cir. 1990). Prior to discovery, the plaintiff may defeat a jurisdiction testing motion by "pleading in good faith, legally sufficient allegations of jurisdiction." <u>Id.</u> (internal citation omitted). However, after discovery has been conducted "the plaintiff's prima facie showing . . . must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." <u>Id.</u> <u>Accord</u> <u>Overseas Media,</u>

10

Inc. v. Skvortsov, 277 F. App'x 92, 94 (2d Cir. 2008); McGlone v. Thermotex, Inc., 740 F. Supp. 2d 381, 383 (E.D.N.Y. 2010) (Holding that plaintiffs' jurisdictional showing following the completion of discovery "must be supported by facts that, if credited, would establish personal jurisdiction. Conclusory allegations based only on information and belief are not sufficient.") (citations omitted). Nevertheless, "a Rule 12(b)(2) motion . . . assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency." Ball, 902 F.2d at 197.

The resolution of personal jurisdiction issues require a two-part analysis. First, the Court determines whether it has jurisdiction over the defendant pursuant to the forum state's laws. Second, the Court determines whether such exercise of jurisdiction would be consistent with the requirements of federal due process. Grant River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005) (citations omitted).

### 1. New York State Long-Arm Statute

New York's long-arm statute applies to the State's claims. See Mountain Tobacco I, 55 F. Supp. 3d at 311. See also N.Y. CPLR § 302. New York Civil Practice Laws and Rules Section 302 provides, in relevant part, that personal jurisdiction may be exercised over a non-domiciliary who either in person or through an agent "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. CPLR

§ 302(a)(1).  As the Amended Complaint does not contain any allegations that Wheeler personally transacted business in New York, "the State relies on an agency theory to impute King Mountain's New York contacts to Wheeler." N.Y. v. Mountain Tobacco Co., No. 12-CV-6276, 2015 WL 893625, at *2 (E.D.N.Y. Feb. 26, 2015) (Locke, M.J.) ("Mountain Tobacco III").

"[T]o establish that a corporation acted as its principal's agent, a plaintiff must show that the corporation 'engaged in purposeful activities in this State . . . for the benefit of and with knowledge and consent of the [principals] and that [the principals] exercised some control over [the corporation] in the matter.'" Barron Partners, LP v. Lab 123, Inc., No. 07-CV-11135, 2008 WL 2902187, at *10 (S.D.N.Y. July 25, 2008) (quoting Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467, 522 N.E.2d 40, 43, 527 N.Y.S.2d 195 (1988)).  See also Mountain Tobacco I, 55 F. Supp. 3d at 312.  The operative question is whether the out-of-state corporate officer defendant is the primary actor in the underlying New York transaction giving rise to the litigation.  Barron Partners, 2008 WL 2902187, at *10 (citation omitted).

The plaintiff must demonstrate that the defendant exercised some level of control over the corporate actions that took place in New York; however, control will not be established "based merely upon a defendant's title or position within the

12

corporation, or upon conclusory allegations that the defendant controls the corporation." Id. (internal quotation marks and citation omitted). Accord Shostack v. Diller, No. 15-CV-2255, 2015 WL 5535808, at *4 (S.D.N.Y. Sept. 16, 2015) (noting that it is well-settled that general allegations respecting an officer's control of a corporation will not establish personal jurisdiction). See also Karabu Corp. v. Gitner, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998) (noting that Rule 12(b)(2) motions are routinely granted where plaintiff's allegations regarding the defendant's participation are "broadly worded and vague.")

Additionally, the exercise of jurisdiction over a corporate officer is appropriate where the officer "'benefit[s] from the [agent-corporation's] course of dealing in New York.'" Mountain Tobacco III, 2015 WL 893625, at *3 (quoting Rainbow Apparel Dist. Ctr. Corp. v. Gaze U.S.A., Inc., 295 F.R.D. 18, 27 (E.D.N.Y. 2013) (alterations in original). See also Karabu, 16 F. Supp. 2d at 324 n.6 (noting that cases finding that the defendant satisfied the "benefit prong" of the test for personal jurisdiction based on an agency theory "typically have involved claims against the controlling shareholders of closely held corporations.")

### 2. Due Process

To the extent that Wheeler falls within the reach of New York's long-arm statute, the Court must determine if its exercise of jurisdiction comports with due process guarantees. Asahi Metal

Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty., 480 U.S. 102, 108-09, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987).  These guarantees are satisfied when a defendant has certain minimum contacts with the forum state such that maintenance of the suit would not "offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks and citations omitted).  The Court analyzes the nature and quality of the defendant's forum contacts in applying a totality of the circumstances test.  Zelouf Int'l Corp. v. Na El, Inc., No. 13-CV-1788, 2014 WL 1318372, at *4 (S.D.N.Y. Mar. 28, 2014).  See also Grand River Ent. Six Nations, Ltd. V. Pryor, 425 F.3d at 158, 166 (2d Cir. 2005) ("No single event or contact connecting defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper.") (internal quotation marks and citation omitted; emphasis in original).  However, the defendant will not be subjected to personal jurisdiction based on "'random, fortuitous, or attenuated contacts . . . or of the unilateral activity of another party or a third person.'"  Zelouf, 2014 WL 1318372, at *4 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

With respect to reasonableness, the Supreme Court has set forth the following factors as part of the Court's analysis: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) "'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,'" and (5) "'the shared interest of the several States in furthering fundamental substantive social policies.'" Asahi, 480 U.S. at 113-14 (quoting World-Wide Volkswagon, 444 U.S. 286, 292, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980).

B. Analysis

The State's attempt to establish a basis for personal jurisdiction over Wheeler has been rife with issues that date back to Wheeler's first motion to dismiss filed in May 2014. See generally Mountain Tobacco I, 55 F. Supp. 3d at 311-14. As previously noted, Judge Spatt held that the State failed to establish personal jurisdiction over Wheeler based on an agency theory but granted the State's request for jurisdictional discovery "so that the State may develop a record relevant to the extent of Wheeler's contacts with New York State." Id. at 312-14. Despite the fact that jurisdictional discovery has been completed and Wheeler filed the instant motion to dismiss, the State has not sought leave to amend its Amended Complaint. Thus, the Amended Complaint before this Court is the same Amended

Complaint that Judge Spatt reviewed in holding that the State failed to set forth a prima facie statutory basis for personal jurisdiction over Wheeler. Id. at 313.

Further, the State's opposition to Wheeler's motion consists of a memorandum of law and an attorney declaration that references various documents without labeling or annexing those documents as exhibits. (See generally Pl.'s Decl.) The State's reliance on an attorney declaration as its sole evidentiary support is particularly troubling as Judge Spatt previously declined to consider the State's prior attorney declaration "containing assorted statements that relate to personal jurisdiction over Wheeler" to the extent that it asserted facts that were not based on personal knowledge. Mountain Tobacco I, 55 F. Supp. 3d at 313. Although the State ultimately filed the documents referenced in its declaration in response to the Court's December 14, 2015 Electronic Order, the Court is mindful of the absence of these documents from the State's initial submission. The Court finds that a bare attorney declaration does not suffice to satisfy the State's burden of establishing "facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." Ball, 902 F.2d at 197.

Notwithstanding its failure to amend the defective Amended Complaint and its inappropriate reliance on an attorney declaration, the State has still failed to establish a viable basis

for personal jurisdiction over Wheeler. The State's CPLR Section 302(a)(1) analysis relies on a string of conclusory statements-- namely, that Wheeler benefited from King Mountain's activities, is "financially interrelated" with the corporation, and is a "primary actor"--and refers to a large portion of the State's declaration. (Pl.'s Br. at 9.) However, the State's declaration and the documents referenced by the State fail to demonstrate that Wheeler was the "primary actor" in the underlying transactions giving rise to this action: the presence of unstamped, unreported King Mountain cigarettes on the Poospatuck Reservation and the State Police's discovery of unstamped, unreported King Mountain cigarettes in a truck on its way to land occupied by the Ganienkeh group. (See Am. Compl. ¶¶ 61-67.)

The State's sole references to the presence of King Mountain cigarettes on the Poospatuck Reservation are the allegations that Wheeler told ERW Wholesale that King Mountain cigarettes were not to be sold on the Poospatuck Reservation and that Wheeler and King Mountain entered into a Stipulated Consent Order in another civil action in which they agreed to refrain from "selling and shipping unstamped, untaxed, and unreported cigarettes to persons, not otherwise licensed by the State of New York within the Poospatuck Indian reservation." (Pl.'s Decl. ¶¶ 58, 82.) The State's reference to the Ganienkeh group is limited to the allegation that King Mountain paid a fee to Mohawk

Marketing for the marketing and distribution of King Mountain cigarettes at certain stores that included two stores located on land occupied by the Ganienkeh group. (Pl.'s Decl ¶ 57(a).) The Court's review of the portions of Wheeler's deposition transcript submitted by the State reveals that Wheeler did not testify that he was involved in the sale of King Mountain cigarettes to the Poospatuck Reservation or the Ganienkeh group. (See generally Tr. of Wheeler Deposition, Pl.'s Decl. at Ex. 22, Docket Entry 190-34.) Needless to say, Wheeler's deposition testimony certainly does not establish that he was the "primary actor" in these transactions.

While Wheeler testified that he negotiated a distributor agreement with ERW Wholesale, which is located in Irving, New York, and that he negotiated with the Onondaga Nation[5] to reach an agreement with the Onondaga Nation Smoke Shop, the Amended Complaint does not contain any allegations pertaining to these agreements or the distribution of King Mountain cigarettes to ERW Wholesale or the Onondaga Nation. (See Tr. of Wheeler Dep. at 61:20-25, 78:12-16[6]; KMTA00266, Pl.'s Decl. at Ex. 12-4, Docket

---

[5] The Onondaga Nation is a recognized "Indian nation" with "a population primarily located on its reservation south of Nedrow, New York." Onondaga Nation v. State of N.Y., No. 05-CV-0314, 2010 WL 3806492, at *1 (N.D.N.Y. Sept. 22, 2010), aff'd, 500 F. App'x 87 (2d Cir. 2012).

[6] The Court notes that the portions of the transcript of Wheeler's deposition annexed as an exhibit to the State's

Entry 190-17; see generally Am. Compl.) Similarly, while the State alleges that in 2006, "Wheeler brokered the sale and shipment of King Mountain cigarettes to Oneida Wholesale, a company located within the State of New York," the Amended Complaint is silent with regard to this transaction. (See Pl.'s Decl. at ¶ 55; see generally Am. Compl.) The Court declines to take the Amended Complaint's conclusory statement that "the defendants have, upon information and belief, knowingly shipped, transported, transferred, sold and distributed large quantities of unstamped and unreported cigarettes to on-reservation wholesalers in New York State," and transform it into a blanket "underlying transaction" for this litigation. (Am. Compl. ¶ 56.) The State has failed to make its required showing that Wheeler was personally involved in the two underlying transactions specifically identified in the Amended Complaint. See Rainbow Apparel, 295 F.R.D. at 26 ("The facts must indicate personal involvement on behalf of the corporate officer in the activities giving rise to the suit."); Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1148 (S.D.N.Y. 1995) (Holding that the plaintiff could not obtain personal jurisdiction over the defendant on the sole basis of his position as president of the corporate defendant;

---

opposition are not in chronological order. For ease of reference, page 61 of Wheeler's deposition can be found at ECF page number 50 and page 78 of Wheeler's deposition can be found at ECF page number 42.

rather, the plaintiff "must show that [the defendant] personally took part in the activities giving rise to the action at issue.") (citation omitted).

In light of the State's failure to establish that Wheeler is a "primary actor" in the underlying transactions of this litigation, the Court need not address the remaining elements of personal jurisdiction based on an agency theory or whether the exercise of jurisdiction over Wheeler would violate due process. Accordingly, Wheeler's motion to dismiss for lack of personal jurisdiction is GRANTED and the State's claims against Wheeler are DISMISSED WITH PREJUDICE. The Court finds that granting the State leave to amend the Amended Complaint would be futile as the State has already had the benefit of jurisdictional discovery and multiple opportunities to establish a basis for personal jurisdiction over Wheeler. See Carpenter v. Republic of Chile, No. 07-CV-5290, 2011 WL 2490947, at *4 (E.D.N.Y. Jun. 22, 2011), aff'd, 487 F. App'x 669 (2d Cir. 2012) ("[T]he Court should deny leave when any amendment would be futile.").

Based on the absence of personal jurisdiction over Wheeler, the Court need not reach the merits of Wheeler's motion to the extent it requests dismissal under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, defendant Delbert Wheeler, Sr.'s motion to dismiss for lack of personal jurisdiction is

GRANTED and the State's claims against Wheeler are DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to TERMINATE defendant Delbert Wheeler, Sr. as a defendant in this action.


                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT_____
                                        Joanna Seybert, U.S.D.J.

DATED:     January __26__, 2016
           Central Islip, New York