STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
TOBACCO COMPLIANCE BUREAU

Christopher K. Leung
Assistant Attorney General
Christopher.Leung@ag.ny.gov

November 30, 2016

*Via ECF*

Hon. Joanna Seybert
U.S. District Court Judge
100 Federal Plaza
Central Islip, NY 11722-9014

Hon. Steven I. Locke
U.S. Magistrate Judge
100 Federal Plaza
Central Islip, NY 11722-9014

Re:   *State of New York v. Mountain Tobacco Co. d/b/a King Mountain Tobacco Co., Inc.*, No. 2:12-CV-6276 (JS) (SIL)

Dear Judges Seybert and Locke,

Pursuant to this Court's prior direction, the parties in the above-referenced case were to submit by today a proposed joint pretrial order on the remaining claims and defenses to be tried. *See* Oct. 25, 2016 Elec. Order. Upon the parties' further investigation and discussion, the Plaintiff State of New York and remaining Defendant Mountain Tobacco Company d/b/a King Mountain Tobacco Company Inc. ("King Mountain") have agreed that there are no remaining claims or defenses to be tried, and that the parties' currently scheduled December 12, 2016 conference before the Honorable Steven I. Locke may be adjourned.

As this Court is aware, the July 21, 2016 Order (ECF No. 214) resolved the vast majority of the parties' claims and defenses. Left open for later consideration were the following matters: (1) the State's claim brought under the Prevent All Cigarette Trafficking Act, 15 U.S.C. §§ 375–78 ("PACT Act"), concerning King Mountain's 2010 sale of cigarettes to Valvo Candies (Order, at 54); (2) the State's claim brought under New York Executive Law section 156-c, concerning King Mountain's "fail[ure] to affix the Fire Standards Compliant  mark to its cigarette packages"

(*id*. at 55); (3) the relief sought by the State with respect to the remaining portion of its claim brought under New York Tax Law sections 471 and 471-e (*id*. at 48); and (4) the appropriate remedies this Court would grant on the claims prevailed on by the State (*id*. at 54–55[1]).

As to the State's remaining PACT Act (Valvo Candies) and Section 156-c claims, the State is declining to prosecute these claims for trial. Accordingly, because no other claims are left to be tried, a proposed joint pretrial Order is unneeded and the parties' December 12 conference may be adjourned.

As to the State's requested relief on the remaining portion of its third claim, the State is seeking injunctive relief pursuant to New York Executive Law section 63(12), as well as any other equitable relief this Court deems appropriate. Am. Compl., at 26 (ECF No. 96). The State is requesting the same relief for the claims that it prevailed on—more specifically, an Order enjoining King Mountain from (1) continuing to violate Sections 471 and 471-e through its sale and shipment of unstamped cigarettes to persons that are not licensed by the State of New York as stamping agents; (2) continuing to violate Section 480-b through its sale of cigarettes within the State of New York, without first having submitted the requisite certifications concerning New York Public Health Law section 1399-pp; and (3) continuing to violate Section 156-c through its sale of cigarettes within New York State, without first having filed the requisite certifications with the New York State Office of Fire Prevention and Control. *See id*. N.Y. Exec. Law § 63(12) (authorizing the Attorney General to apply for an order enjoining "repeated fraudulent or illegal acts"); *see also State v. Midland Equities of New York, Inc.*, 117 Misc. 2d 203, 206 (Sup. Ct. 1982) (noting that "Voluntary discontinuance of improper or illegal activity is no assurance that such activity will not be resumed," and granting the State's request for a permanent injunction); *People v. Ludwig Baumann & Co.*, 56 Misc. 2d 153, 159 (Sup. Ct. 1968) (noting that a permanent injunction would serve as a deterrent to defendant and others).

On this last matter, King Mountain has requested that it be given notice and an opportunity to oppose the State's requested relief. That said, to the extent this Court may seek or require additional briefing or argument concerning the appropriateness of any remedy granted to the State, the State would also request an opportunity to be heard.

Very truly yours,

/s/ Christopher K. Leung

cc: Counsel for Defendant (*via ECF*)

---

[1] The Court's July 21, 2016 Order granted the State's motion for summary judgment on its claims brought under (1) New York Tax Law sections 471 and 471-e "regarding King Mountain's failure to sell its unstamped cigarettes to licensed stamping agents"; (2) New York Tax Law section 480-b, which required King Mountain to submit certain annual certifications; and (3) New York Executive Law section 156-c, concerning King Mountain failure to file certain certifications with the New York State Office of Fire Prevention and Control. Order, at 55.