```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STATE OF NEW YORK,

                        Plaintiff,
                                              JUDGMENT
            -against-                         12-CV-6276(JS)(SIL)

MOUNTAIN TOBACCO COMPANY, doing business
as King Mountain Tobacco Company Inc.,
and DELBERT WHEEELER, SR.,

                        Defendants.
----------------------------------------X
```

An Order of Honorable Joanna Seybert, United States District Judge, having been filed on January 26, 2016, granting defendant Delbert Wheeler, Sr.'s motion to dismiss for lack of subject matter jurisdiction, and dismissing plaintiff State of New York's claims against defendant Delbert Wheeler, Sr., with prejudice; and an Order of Honorable Joanna Seybert, United States District Judge, having been filed on July 21, 2016; granting in part and denying in part defendant Mountain Tobacco Company's ("King Mountain") motion for summary judgment, and granting in part and denying in part plaintiff State of New York's motion for summary judgment; and an Order of Honorable Joanna Seybert, United States District Judge, having been filed on August 29, 2017, granting in part and denying in part plaintiff State of New York's motion for injunctive relief, enjoining defendant King Mountain from:

       1.   Selling unstamped cigarettes directly to Indian nations or tribes and/or reservation

      cigarette sellers or entities that are not licensed stamping agents, in violation of New York Tax Law Section 471;

      2. Continuing to sell cigarettes into the State of New York, without first complying with New York Tax Law Section 480-b's certification requirements, namely—

    a. Filing a certification under penalty of perjury, with the New York State Department of Taxation and Finance, the Office of the Attorney General, and any New York state-licensed stamping agent who affixes New York state cigarette tax stamps to King Mountain's pack of cigarettes, that King Mountain is either (i) a participating manufacturer under the 1998 Tobacco Master Settlement, or (ii) is otherwise in full compliance with New York Public Health Law section 1399-pp(2); and

    b. Filing an accompanying list of each cigarette brands that King Mountain sold into the State; and

      3. Continuing to sell or offer cigarettes for sale, without first complying with New York Executive Law Section 156-c's certification requirements, which require every such cigarette manufacturer to first certify in writing to the New York State Office of Fire Prevention and Control that the manufacturer's cigarettes meet the performance standards prescribed by such Office,

and directing the Clerk of the Court to enter judgment accordingly and mark this case closed, it is

    **ORDERED AND ADJUDGED** that defendant Delbert Wheeler, Sr.'s motion to dismiss is granted; that plaintiff State of New York's claims against defendant Delbert Wheeler, Sr. are dismissed with

prejudice; that defendant King Mountain's motion for summary judgment is granted in part and denied in part; that plaintiff State of New York's motion for summary judgment is granted in part and denied in part; that plaintiff State of New York's motion for injunctive relief is granted in part and denied in part; that defendant King Mountain is enjoined from:

> 1. Selling unstamped cigarettes directly to Indian nations or tribes and/or reservation cigarette sellers or entities that are not licensed stamping agents, in violation of New York Tax Law Section 471;
>
> 2. Continuing to sell cigarettes into the State of New York, without first complying with New York Tax Law Section 480-b's certification requirements, namely—
>
>> c. Filing a certification under penalty of perjury, with the New York State Department of Taxation and Finance, the Office of the Attorney General, and any New York state-licensed stamping agent who affixes New York state cigarette tax stamps to King Mountain's pack of cigarettes, that King Mountain is either (i) a participating manufacturer under the 1998 Tobacco Master Settlement, or (ii) is otherwise in full compliance with New York Public Health Law section 1399-pp(2); and
>>
>> d. Filing an accompanying list of each cigarette brands that King Mountain sold into the State; and
>
> 3. Continuing to sell or offer cigarettes for sale, without first complying with New York Executive Law Section 156-c's certification requirements, which require every such cigarette manufacturer to first certify in writing to the New York State Office of Fire

3

        Prevention and Control that the manufacturer's cigarettes meet the performance standards prescribed by such Office;

and that this case closed.

Dated: Central Islip, New York
       September 5, 2017

                              DOUGLAS C. PALMER
                              CLERK OF THE COURT

                       By:  /s/ James J. Toritto_
                              DEPUTY CLERK