

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
HEALTH CARE BUREAU

February 21, 2020

**Via ECF**

Hon. Joanna Seybert
U.S. District Court Judge
100 Federal Plaza
Central Islip, NY 11722-9014

      Re:    *State of New York v. Mountain Tobacco Co. d/b/a King Mountain Tobacco Co., Inc.,* No. 2:12-CV-6276(JS)(SIL)

Dear Judge Seybert,

      Pursuant to the Court's Order on January 28, 2020, the parties submit this joint status report in the above-referenced case, including each party's position on the issues to be addressed on remand.

      The State's Status Report

      On November 7, 2019, the Second Circuit affirmed this Court's July 21, 2016 Order, ECF No. 214 (the "Order") in all respects, except that it reversed the Order granting summary judgment for Defendant Mountain Tobacco Co. ("King Mountain") and denying summary judgment for Plaintiff the People of the State of New York (the "State") on the the State's Prevent All Cigarette Trafficking Act, 15 U.S.C. §§ 375-78 ("PACT Act") claim. *New York v. Mt. Tobacco Co.*, 942 F3d 536, 547 (2d Cir. 2019). The Second Circuit also held that the Court did not abuse its discretion in entering a permanent injunction against King Mountain, August 19, 2017 Order, ECF No. 234. *Id.* at 542 n.1. The Second Circuit remanded the case to this Court for entry of summary judgment for the State on the PACT claim, and for consideration of what additional relief, if any, is appropriate. *Id.*

      In light of the recent Second Circuit decision and this Court's earlier decisions regarding liability and the injunction against King Mountain, the State in good faith intends to pursue all available relief to the extent permitted under the law, including damages and penalties, under the State's second claim under the PACT Act. Following the Order regarding summary judgment, the State moved for injunctive relief on January 18, 2017. At that time, certain state law claims

Hon. Joanna Seybert
February 21, 2020

had survived summary judgment, but no federal claims. In its memorandum, the State represented, "For purposes of resolving this litigation, the State is declining to seek penalties or costs." ECF No. 227-1 at 4. Monetary relief is still available to the State under the PACT ACT Act claim, as the State had only represented it was declining to seek penalties or costs with respect to the claims that were still alive at the time, and prior to appeal.

The State plans to send requests for additional narrow discovery to King Mountain supplementing its prior productions, including but not limited to sales invoices, shipment information, and gross sales information to establish the amount of damages owed to the State and to determine penalites. It is likely that the State will file a summary judgment motion following production of this information.

King Mountain's Status Report

The Second Circuit's January 3, 2020, Mandate remanded this case "for entry of summary judgment for the State on the PACT ACT claim, and for consideration of what additional relief, if any, is appropriate."

On remand, the Court should amend its September 5, 2017 (Dkt. 235), Judgment to enter judgment for the State on its Second Claim for Relief (Dkt. 6, Amended Complaint), the PACT Act. In addition, the Court should adjudicate whether or not the registration provisions of the PACT Act, 15 U.S.C. § 376a, apply to King Mountain and should or should not be included as a remedy in an Amended Judgment.

The Court should reject any attempt by the State to seek discovery and pursue monetary damages under the PACT Act. Throughout its prosecution of its PACT Act claim in the district court, the State did not seek, and in fact disclaimed, monetary damages or penalties for delivery sales (*see* 15 U.S.C. § 375 and 377) on its PACT Act claim. Specifically, and by way of example only:

- Dkt. 6, the 2/12/13 operative, Amended Complaint, at ¶ 82 the State only alleged that the "defendants were required to submit certain filings to the tobacco administrator for the State of New York, i.e., DTF"; there is no mention of delivery sales to any consumer.

- 1/8/16 transcript of a hearing before the district court, where the State's counsel represented to the court (at p. 32), "I wasn't intending to amend the complaint to include the delivery sale PACT Act allegations."

- Dkt. 197, the State's 1/29/16 summary judgment brief, where at pp. 25-26 it only sought summary judgment on "the [PACT] Act's filing requirements" and cited only "§ 376(a)(1)(2)."

2

Hon. Joanna Seybert
February 21, 2020

- Dkt. 201, the State's 3/7/16 summary judgment reply brief, where at pp. 12, 14-15 and in fn 17 it (only) addressed its PACT Act reporting requirement violations claim (citing § 376(a)(2) in fn 17 and on pp. 14-15, "because King Mountain has not complied with the Act's reporting requirements … summary judgment granted in favor of the State").

- The 4/8/16 transcript of a hearing before the district court, where King Mountain's counsel stated that King Mountain is only charged under the registration provision of the PACT Act, in response to which the court said, "Right," and the State said nothing.

- Dkt. 214 (emphasis added), the district court's summary judgment decision, at p. 27, "The Court finds that there are genuine issues of material fact as to whether King Mountain was required to make PACT Act <u>filings</u> in connection with its 2010 shipment to Valvo Candies." (The State later abandoned the Valvo candies shipment.)

With respect to penalties or costs, in Dkt. 227 at p. 3 – the State's January 18, 2017, remedies brief – the State wrote, "[f]or purposes of resolving this litigation, the State is declining to seek penalties or costs." The State should not be permitted to change its mind and seek penalties or costs. There is nothing about the State's PACT Claim that is unique with respect to penalties or costs such that the State could not have pursued them with respect to the State claims it previously was awarded summary judgment by the district court.

Finally, in the event, on remand, the State seeks discovery, PACT Act monetary damages, or penalties or costs, King Mountain intends to move for sanctions, including costs, pursuant to Fed. R. Civ. P. 11(c).

<u>Joint Request</u>

The parties respectfully request a status conference to more specifically discuss the trajectory of the case. Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*B. T Campbell*

Brant Campbell
Assistant Attorney General
Brant.Campbell@ag.ny.gov

Cc: Counsel of record

3