UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ — ‒ ‒ ‒ ‒ x

| | | |
|---|---|---|
| STATE OF NEW YORK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 2:12-cv-06276 (JS) (SIL) |
| | : | |
| MOUNTAIN TOBACCO COMPANY, | : | |
| d/b/a KING MOUNTAIN TOBACCO | : | |
| COMPANY INC., | : | |
| | : | |
| Defendants. | : | |

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ — ‒ ‒ ‒ ‒ x

**DECLARATION OF TRUMAN JAY THOMPSON**

Pursuant to 28 U.S.C. § 1746, Truman Jay Thompson declares as follows:

1. I am Chief Executive Officer and Vice-President of the Board of Directors of Defendant Mountain Tobacco Company, d/b/a King Mountain Tobacco Company Inc. ("King Mountain"). I respectfully submit this Declaration in support of King Mountain's July 17, 2020 Memorandum of Law in opposition to Plaintiff's Motion for Partial Final Judgment and Other Relief dated June 17, 2020.

2. I am a Certified Public Accountant, with experience at a number of accounting firms. Previously, I served as the CEO of Wheeler Enterprises, Inc. ("Wheeler Enterprises"), the Yakama Nation incorporated business entity which oversaw nearly all of Delbert Wheeler's business ventures. In that capacity, I also served as CEO of King Mountain from April 2013 to July 2014.

3. Delbert Wheeler died on June 30, 2016. He was survived by his wife Trina Ann Wheeler ("Trina") and many children, including Kamiakin Wheeler and his younger sister

Terryanna Wheeler ("Terryanna"). After Delbert's death, Trina and Terryanna were appointed co-administrators of Delbert's estate. Kamiakin Wheeler challenged the distribution of the estate in Yakama Nation Court, which rejected the challenge and distributed Delbert's estate in large part to Trina. As part of the probate proceedings, which concluded on August 27, 2018, the Yakama Nation Court awarded sole ownership interest in Wheeler Enterprises to Trina, which included a 100% ownership interest in King Mountain. I understand that Delbert Wheeler bequeathed no property to his son Kamiakin. In those states where it was then shipping cigarettes, King Mountain took all pertinent actions to communicate the ownership change to regulators.

4. Since the Court issued its Judgment (September 5, 2017), King Mountain has continued to manufacture and ship tobacco products, but it has not made any sales to or within New York, including to any Indian-owned or Indian-located entities.

5. In the transition period immediately following Mr. Wheeler's death, Kamiakin Wheeler served as an officer and director of King Mountain. After approximately eighteen months of Kamiakin Wheeler's leadership of King Mountain, he was removed as officer and director of King Mountain, on January 16, 2018. *See* King Mountain Unanimous Shareholders Consent, dated January 16, 2018, attached hereto as Exhibit A (removing Kamiakin Wheeler as director). At that time, Kamiakin Wheeler was permitted to remain a King Mountain employee and signed an employment contract with the company.[1]

---

[1] Kamiakin's Wheeler's public LinkedIn page relied upon by the State in the Declaration of John Oleske (Dkt. 255, ¶ 10 and Ex. 1) and New York's brief (Dkt. 256 at 5-6) does not accurately reflect his service at King Mountain. For example, after Kamiakin Wheeler was removed as an officer and director of King Mountain, he remained employed by King Mountain as the Chief of Marketing Operations, not as the CEO.

6. In March 2018, as part of a newly installed professional management team, I returned to Wheeler Enterprises, as its General Manager. In that capacity, I also became CEO of King Mountain and Vice-President of King Mountain's Board of Directors.

7. I eventually became aware that while Kamiakin Wheeler remained employed by King Mountain he repeatedly acted adverse to the company. Specifically, during his employment with King Mountain, Kamiakin Wheeler took steps to compete with King Mountain through the incorporation of Lone Warrior Holdings, Inc. ("Lone Warrior") and by leveraging King Mountain's business for his personal benefit. In addition, without disclosing it to King Mountain, Kamiakin Wheeler registered trademarks in the name of Lone Warrior -- including "Chieftain," "Yakama," "Rainier," and "Kamiakin" -- that are now being used to compete against King Mountain.

8. On August 20, 2018, Kamiakin Wheeler was terminated from his employment at King Mountain, for cause, as was Kanim James (another former King Mountain officer, director, and employee).

9. In January 2019, King Mountain became aware of reports that "Yakama" and "Rainier" brand cigarettes -- resembling King Mountain trademarks, such as a strikingly similar Washington-state mountain imagery -- were being sold at various locations, including in reservation smoke shops in New York. Wheeler Enterprises, on behalf of King Mountain, hired an investigator to surveil the reservation smoke shops to document the sale of Lone Warrior's product. The investigation determined that trademarks for these brands were registered by Lone Warrior, while the manufacturer was identified as Jacobs Tobacco Company of New York. Further investigation demonstrated that the promotional effort utilized slogans -- *e.g.*, "The King is Back" and "The King of the Mountain Has Returned" -- that gave the indication that the

product was from King Mountain.  The investigative report prepared for Wheeler Holdings and dated November 11, 2019 is attached as Exhibit 5 to Declaration of John Oleske (Dkt. 255).

10. In November 2019, King Mountain sued Lone Warrior and Kamiakin Wheeler (among others) in Washington State court and alleged twelve causes of action, including breach of employee fiduciary duty, breach of contract, tortious interference with contractual relationship, tortious interference with prospective business expectancy, conversion, trespass to chattels, unjust enrichment, unfair competition under state law, and replevin.  *See* Complaint, *King Mountain Tobacco Company, Inc. v. Kamiakin Wheeler et al.*, Case No. 19-2-04309-39 (Wash. Super. Ct., Yakima Cnty.), attached hereto as Exhibit B.  The trademark registrations and sale in New York of the "Rainier" and "Yakama" brands were part of the basis for the allegations King Mountain brought against Lone Warrior and Kamiakin Wheeler.  *See* Ex. B ¶¶ 4.56-4.59, 4.84.  That litigation remains pending.

11. As part of the discovery process in that litigation, Lone Warrior admitted, in a sworn response to an interrogatory, that "Rainier" branded cigarettes were being sold in New York State.  *See* Defendant Lone Warrior Responses to Plaintiff's First Set of Interrogatories and Request for Admission, dated May 27, 2020, attached hereto as Exhibit C (in Interrogatory 9, asked by King Mountain to identify the locations where tobacco products with the "Rainier" mark are being sold, Lone Warrior responded: "Any such products are only currently sold on reservations located within the State of New York. Jacobs Tobacco sells to Nations Trading and Nations Trading distributes the product.").[2]

---

[2] In October 2019, an enrolled member of the Yakama Nation, unrelated to King Mountain, initiated a suit against Jacobs Tobacco Company, the manufacturer of "Yakama" cigarettes, in the United States District Court for the Eastern District of Washington seeking a declaration that the manufacturer was unlawfully using the trade name of the Confederated Tribes and Bands of the Yakama Nation, which hold several registered trademarks for the name Yakama, and a permanent injunction preventing further manufacture. (continued…)

12. Concerned that New York State authorities might see "Yakama" and "Rainier" brand cigarettes sold in New York, confuse them for King Mountain's brand, and conclude that King Mountain was violating the Court's Judgment, King Mountain, through its counsel, on November 19, 2019, informed State counsel that "Yakama" and "Rainier" branded cigarettes that were not manufactured or sold by King Mountain were being sold at reservation smoke shops in New York, and shared the November 11, 2019, investigative report prepared for Wheeler Holdings. The Report identified the entity of focus as Lone Warrior, not "someone," as New York's brief argued (Dkt. 256 at 7).

13. King Mountain had and has nothing to do with the cigarette rolling machines apparently purchased by Lone Warrior and described in the Declaration of John Oleske (Dkt. 255, ¶ 11 & Exhibits 3-4) and New York's brief (Dkt 256 at 6). My understanding is that those machines were leased to Diamond Mountain Manufacturing located in Herlong, California, in October 2018, post-dating Kamiakin Wheeler's employment with King Mountain. Diamond Mountain Manufacturing is unaffiliated with King Mountain.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: July 17, 2020
Selah, Washington

Truman Jay Thompson

---

This suit was discontinued in February 2020 when the defendant voluntarily ceased manufacture of "Yakama" cigarettes. *See Toobshudud v. Jacobs Tobacco Company*, Case No. 1:19-cv-03246 (E.D. Wash.).