1
2
3
4
5
6
7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF YAKIMA**

8
9
10

KING MOUNTAIN TOBACCO COMPANY, INC.,

NO.    19-2-04309-39

11

Plaintiff,

v.

12
13

KAMIAKIN WHEELER, KANIM JAMES, and LONE WARRIOR HOLDINGS, INC.,

14

Defendants;

15
16

KAMIAKIN WHEELER and KANIM JAMES,

17
18

Third-Party Plaintiffs,

19

v.

20
21
22

TRINA WHEELER, an individual; YANCEY BLACK, an individual; TERRYANNA WHEELER, an individual; and TRUMAN JAY THOMPSON, an individual;

23
24

Third-Party Defendant.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE WARRIOR**

*AND RESPONSES THERETO*

25

TO:    Defendant Lone Warrior Holdings, Inc.

26



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

AND TO:     Sean Small, Mario A. Bianchi, and Paul J. Spadafora, Attorneys for Defendants

Plaintiff King Mountain Tobacco Company, Inc. hereby submits to Defendant Lone Warrior Holdings, Inc. the following First Set of Interrogatories and Requests for Production of Documents.

## GENERAL RESPONSES AND OBJECTIONS

The following objections apply generally to all of claimant's discovery requests:

(1)     Lone Warrior objects to all discovery requests to the extent they are ambiguous.

(2)     Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents or things that are confidential.

(3)     Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are cumulative.

(4)     Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are irrelevant.

(5)     Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are legal conclusions.

(6)     Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are major facts.

(7)     Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are otherwise obtainable.

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 2

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

(8)     Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are overly broad and burdensome.

(9)     Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are privileged.

(10)    Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are publicly available.

(11)    Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are state of mind.

(12)    Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are undefined.

(13)    Lone Warrior objects to all discovery requests to the extent they request admissions or information or documents which are unavailable.

(14)    Lone Warrior objects to all discovery requests to the extent they are inconsistent with or purport to require any action not required by the Superior Court Civil Rules or the King County Local Rules (collectively the "Rules").  Without limited the generality of this objection, Lone Warrior objects to all discovery requests to the extent that they (a) go beyond the scope of discovery permitted by the Rules and/or (b) purport to impose a duty of supplementation greater than that imposed by the Rules.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

(15)     Nothing set forth in Lone Warrior's general objections, specific objections, answers or responses to any discovery requests is intended as or should be construed as a waiver of these general objections or to any specific objections.

(16)     Certain of the information or documents or things within the scope of any of the discovery requests may be considered to be confidential and will be produced only in redacted form or upon execution and entry of a Stipulated Protective Order in form acceptable to the Lone Warrior.

(17)     Lone Warrior reserves the right to move later for a protective order or otherwise seek relief from the Court if the parties are unable to resolve Lone Warrior's objections by agreement.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

# I.   **INTERROGATORIES**

1.   Identify the persons with substantive knowledge regarding the facts and circumstances of the Complaint, your Answer, and the Counterclaims; for each such person, provide a summary of the knowledge they have.

ANSWER:

**Objection. This interrogatory is overly broad and unduly burdensome. Defendants have attempted to answer this interrogatory in good faith but cannot be reasonably expected to identify all persons who may have knowledge of this matter. Furthermore, Defendants do not have personal knowledge of others' knowledge. Notwithstanding the foregoing objections or any of the general objections above, the following likely have knowledge of the facts, circumstances related to the Complaint, Answer, and Counterclaims:**

- **King Mountain Tobacco Company ("KMT")**

- **Lone Warrior Holdings, Inc. ("LWH")**

- **Kamiakin Wheeler ("KW")**

- **Kanim James ("KJ")**

- **Gretchen Cox**

- **Kai Gachupin**

- **Tiburcio Rodriguez**

- **Katie Fiander**

- **Trina Ann Wheeler ("TAW")**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

- **Terryanna Wheeler ("TW")**

- **Jacobs Tobacco Co. ("JTC")**

- **Diamond Mountain Manufacturing, LLC ("DMM")**

- **U.S. Patent and Trademark Office ("USPTO")**

- **Truman Jay Thompson ("JT")**

- **Global Ventures, Inc. ("GVI")**

- **Gordon Boyd**

- **Mark Boyd**

- **Yancey Black ("Yancey")**

- **Tim Carlson ("TC")**

- **Irwin Schwartz (in his capacity as administrator for estate)**

- **Dolph Barnhouse**

- **John Hyink**

- **Jaime Aburto**

2.   Identify the persons who are employed by Defendants.

ANSWER:

- **Kamiakin Wheeler**

- **Kanim James**

- **Kai Gachupin**

- **Tiburcio Rodriguez**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

- **Katie Fiander**

- **Benjamin Tucker**

- **Dan Robb-Bryan**

3.     Identify the persons who have consulted or otherwise provided services to Defendants relating to any business involving Tobacco Products.

ANSWER:

**Objection, overbroad & vague; not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory cannot be answered as stated. In non-exclusive example, "service" is undefined, and "relating to any business involving Tobacco Products" is broader than the Tobacco Products at issue in this case.   Defendants are unable to meaningfully answer this interrogatory absent further clarification from Plaintiff.**

**Notwithstanding the foregoing objections, and without waiver of same: Defendant is not aware of any parties it consulted with.**

4.     Identify the banks and/or financial institutions where Defendants do any business, including the applicable account numbers.

ANSWER:

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, harassing. This constitutes a premature attempt to engage in collections activities before Plaintiff has obtained a judgment.**

5.     Identify the institutions from which Defendants have been issued credit cards; for each such institution, provide the credit card number.

ANSWER:

**Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, harassing. This constitutes a premature attempt to engage in collections activities before Plaintiff has obtained a judgment.**

6.     Identify the entities Defendants do business with relating to Defendants' Tobacco Products Business.

ANSWER:

**Objection, overbroad & vague; not reasonably calculated to lead to the discovery of admissible evidence. In non-exclusive example, "relating to Defendants' Tobacco Products Business" is broader than the Tobacco Products at issue in this case. Defendants further object that the definition of "Tobacco Products Business" is inherently overbroad.**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1

2
     **Notwithstanding the foregoing objections, and without waiver of same: Jacobs Tobacco**

3
**Company.**

4

5

6
     7.    Identify the shipping companies used by Defendants in its Tobacco Products

7
Business.

8
     ANSWER:

9

10
     **Objection, overbroad & vague; not reasonably calculated to lead to the discovery of**

11
**admissible evidence. In non-exclusive example, "relating to Defendants' Tobacco Products**

12
**Business" is broader than the Tobacco Products at issue in this case. Defendants further object**

13
**that the definition of "Tobacco Products Business" is inherently overbroad.**

14

15
     **Notwithstanding the foregoing objections, and without waiver of same: Yakima Valley**

16
**Transportation, LLC**

17

18

19
     8.    Identify the entities that provide the blend used in Defendants' Tobacco Product

20
Business.

21
     ANSWER:

22

23
     **Objection, Plaintiffs may not use this litigation as a guise to obtain confidential and**

24
**proprietary information which could be used by KMT to obtain an unfair competitive**

25
**advantage against LWH. This interrogatory is overbroad & vague; not reasonably calculated**

26

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 9

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1   to lead to the discovery of admissible evidence. Defendants further object that the definition

2   of "Tobacco Products Business" is inherently overbroad.

3
4           Notwithstanding the foregoing objections, and without waiver of same: There were no

5   entities that provided a blend used by Defendant during the time that Kamiakin and Kanim

6   were employees of KMT
7
8
9           9.      Identify the locations where Tobacco Products with the "Rainier" mark are being

10  sold; for each such location, provide the applicable contact information (person, address, phone

11  number, etc.).

12          ANSWER:

13
14          Objection, Plaintiffs may not use this litigation as a guise to obtain confidential and

15  proprietary information which could be used by KMT to obtain an unfair competitive

16  advantage against LWH. This interrogatory is overbroad & vague; not reasonably calculated

17  to lead to the discovery of admissible evidence. Defendants further object that the definition

18  of "Tobacco Products Business" is inherently overbroad.
19
20          Notwithstanding the foregoing objections, and without waiver of same: Nations

21  Trading is the distributor of products that utilize the Rainier mark. Any such products are

22  only currently sold on reservations located within the State of New York. Jacobs Tobacco sells

23  to Nations Trading and Nations Trading distributes the product. Defendant does not have full

24  access to all retail locations that currently sell the product.

25
26

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 10

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1
2
3
4

10.     Identify the locations where Tobacco Products with the "Yakama" mark are being

5   sold; for each such location, provide the applicable contact information (person, address, phone

6   number, etc.).

7       ANSWER:

8
9       **Objection**, **Plaintiffs may not use this litigation as a guise to obtain confidential and**

10  **proprietary information which could be used by KMT to obtain an unfair competitive**

11  **advantage against LWH. This interrogatory is overbroad & vague; not reasonably calculated**

12  **to lead to the discovery of admissible evidence.  Defendants further object that the definition**

13  **of "Tobacco Products Business" is inherently overbroad.**

14

15      **Notwithstanding the foregoing objections, and without waiver of same: Defendant is**

16  **not currently selling any products with the "Yakama" mark.**

17
18
19
20

11.     Identify the locations where Tobacco Products with the "Chieftan" mark are being

21  sold; for each such location, provide the applicable contact information (person, address, phone

22  number, etc.).

23
24      ANSWER:

25
26

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE**
**WARRIOR - 11**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**Objection, Plaintiffs may not use this litigation as a guise to obtain confidential and proprietary information which could be used by KMT to obtain an unfair competitive advantage against LWH. This interrogatory is overbroad & vague; not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object that the definition of "Tobacco Products Business" is inherently overbroad.**

**Notwithstanding the foregoing objections, and without waiver of same:  Defendant is not currently selling any products with the "Chieftain" mark.**

12.     State the factual basis for your Ninth Affirmative Defense.

ANSWER:

**Defendants object that this request constitutes an impermissible attempt to require Defendants to "put on a dress rehearsal of the trial," and an improper request to Defendant to "state evidence upon which he intends to rely to prove any fact or facts." *See Weber v. Biddle*, 72 Wn.2d 22, 29 (1967).**

**Defendants further object to this request for production as premature contention interrogatory. Contention discovery is properly reserved for use towards the end of the discovery period, and discovery into the issues presented in Plaintiff's complaint is ongoing. *See In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, *passim* (N.D. Cal. Oct. 28, 1985).**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**Defendants further object that the factual basis for this affirmative defense is based primarily on records in the custody and control of Plaintiff and third parties, such as Global Ventures. Notwithstanding the foregoing objections, and without waiver of same: see documents produced herewith. Discovery is ongoing and continuous.  This answer will be supplemented as necessary.**

13.     State the factual basis for your Tenth Affirmative Defense.

ANSWER:

**Defendants object that this request constitutes an impermissible attempt to require Defendants to "put on a dress rehearsal of the trial," and an improper request to Defendant to "state evidence upon which he intends to rely to prove any fact or facts." *See Weber v. Biddle*, 72 Wn.2d 22, 29 (1967).**

**Defendants further object to this request for production as premature contention interrogatory. Contention discovery is properly reserved for use towards the end of the discovery period, and discovery into the issues presented in Plaintiff's complaint is ongoing. *See In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, *passim* (N.D. Cal. Oct. 28, 1985).**

**Defendants further object that the factual basis for this affirmative defense is based primarily on records in the custody and control of Plaintiff and third parties, such as Global**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**Ventures. Notwithstanding the foregoing objections, and without waiver of same: see documents produced herewith. Discovery is ongoing and continuous. This answer will be supplemented as necessary.**

14.     Identify all experts witnesses you intend to use at trial, along with a list of those documents that you have provided to this expert and/or that the expert has considered and/or relied upon in his/her analysis of the issues in this dispute.

ANSWER:

**Defendants have yet to retain an expert. Discovery is ongoing and continuous. This answer will be supplemented as necessary.**

15.     Please describe the amounts and the bases thereof for all damages that you claim for each of the causes of actions/claims you assert against Plaintiff

ANSWER:

**See Counterclaims, Crossclaims, and attached records. Defendant LWH has not sought damages against Plaintiff at this time. Discovery is ongoing and continuous. This answer will be supplemented as necessary.**

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## REQUESTS FOR PRODUCTION

1.      Please produce all documents Defendants rely upon to support any of their claims or defenses in this litigation.

RESPONSE:

**Objection, overbroad, unduly burdensome. Defendants further object that this request constitutes an impermissible attempt to require Defendants to "put on a dress rehearsal of the trial," and an improper request to Defendant to "state evidence upon which he intends to rely to prove any fact or facts." *See Weber v. Biddle*, 72 Wn.2d 22, 29 (1967).**

**Defendants further object to this request for production as premature contention discovery request. Contention discovery is properly reserved for use towards the end of the discovery period, and discovery into the issues presented in Plaintiff's complaint is ongoing. *See In re Convergent Technologies Securities Litigation,* 108 F.R.D. 328, *passim* (N.D. Cal. Oct. 28, 1985).**

**Notwithstanding the foregoing objections, and without waiver of same: see attached documents. As discovery is still ongoing, Defendant reserves the right to supplement this answer as necessary.**

2.      Please produce all documents related to any of your affirmative defenses.

RESPONSE:

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 15

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1
2
3
4
5

**Objection, overbroad, unduly burdensome. Defendants further object that this request constitutes an impermissible attempt to require Defendants to "put on a dress rehearsal of the trial," and an improper request to Defendant to "state evidence upon which he intends to rely to prove any fact or facts."** *See Weber v. Biddle*, **72 Wn.2d 22, 29 (1967).**

6
7
8
9
10
11

**Defendants further object to this request for production as premature contention discovery request. Contention discovery is properly reserved for use towards the end of the discovery period, and discovery into the issues presented in Plaintiff's complaint is ongoing.** *See In re Convergent Technologies Securities Litigation,* **108 F.R.D. 328,** *passim* **(N.D. Cal. Oct. 28, 1985).**

12
13
14
15

**Notwithstanding the foregoing objections, and without waiver of same: see attached documents. As discovery is still ongoing, Defendant reserves the right to supplement this answer as necessary.**

16
17
18
19

3.      Please produce Defendants' bank and financial institution records.

20

RESPONSE:

21
22
23
24

**Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, harassing. This constitutes a premature attempt to engage in collections activities before Plaintiff has obtained a judgment.**

25
26

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 16

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

4.      Please produce Defendants' credit card statements.

RESPONSE:

**Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, harassing. This constitutes a premature attempt to engage in collections activities before Plaintiff has obtained a judgment.**

5.      Please produce Lone Warrior's Articles of Incorporation, Bylaws, Board Resolutions, and other Corporate Records (not to include any public filings made with the State of Washington).

RESPONSE:

**See Attached.**

6.      Please produce Lone Warrior's books and records, including but not limited to its financial statements, profit and loss statements, and other similar financial documents.

RESPONSE:

**Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, harassing. This constitutes a premature attempt to engage in collections activities before Plaintiff has obtained a judgment. To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced.**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

7.     Please produce all documents filed with or provided to the Tax and Trade Bureau ("TTB") relating to Defendants' Tobacco Products Business.

RESPONSE:

**Objection, vague, overbroad. The definition of "Tobacco Products Business" is inherently vague and overbroad.**

**Notwithstanding the foregoing objection, Defendants did not file documents with or provide documents to the TTB.**

8.     Please produce Defendants' Contracts and non-privileged draft Contracts between and any of: (i) SIRCO, Diamond Mountain Manufacturing LLC, or Diamond Mountain Distributing, (including any Affiliated Person of these persons), (ii) Jacobs (including any Affiliated Person thereof; and (iii) ERW (including any Affiliated Person).

RESPONSE:

**Objection, overbroad, unduly burdensome, harassing. Defendants are not subject to a noncompetition restriction, and nothing in Plaintiff's allegations precludes Defendants from engaging in a competitive business. Plaintiffs may not use this litigation as a guise to obtain confidential and proprietary information which could be used by KMT to obtain an unfair competitive advantage against LWH. To the extent that Plaintiff is seeking records that are**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced. To the extent such information may be produced, it is subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.

Notwithstanding the foregoing objections, and without waiver of same: see attached.

9.      Please produce Defendants' communications with ERW (including any Affiliated Person) related to a cigarette machine (*see, e.g.*, YVT001-008), Tobacco Products, Tobacco Products Business, or this dispute.

RESPONSE:

Objection, vague, overbroad, not reasonably calculated to lead to the discovery of admissible evidence. The definition of "Tobacco Products Business" is inherently overbroad. Further, any such documents are in the custody/control of another party or nonparty, such as Global Ventures, or Plaintiff itself. Finally, such information may be subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.

Notwithstanding the foregoing objections, and without waiver of same: see attached.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

10.     Please produce Defendants' communications with Jacobs relating to Tobacco Products, Tobacco Products Business, or this dispute.

RESPONSE:

**Objection, vague, overbroad.  To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced.  The definition of "Tobacco Products Business" is inherently overbroad. Further, any such documents are in the custody/control of another party or nonparty, such as Plaintiff itself.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

11.     Please produce Defendants' communications with Frank Bayger relating to Tobacco Products, Tobacco Products Business, or this dispute.

RESPONSE:

**Objection, vague, overbroad. The definition of "Tobacco Products Business" is inherently overbroad.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 20

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

12.     Please produce Defendants' communications with SIRCO, Diamond Mountain Manufacturing, or Diamond Mountain Distributing (including any Affiliated Person of these entities) relating to Lone Warrior, King Mountain, Tobacco Products, or the Tobacco Products Business.

RESPONSE:

**Objection, vague, overbroad. The definition of "Tobacco Products Business" is inherently overbroad.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

13.     Please produce Defendants' Contracts relating to the licensing of any Tobacco Product, including Defendants' Contracts relating to the licensing of any trademarks owned by Defendants.

RESPONSE:

**Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, harassing. To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced. Further, such information may be subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.**

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

14.     Please produce Defendants' Contracts for any consulting related to Tobacco Products or the Tobacco Products Business.

RESPONSE:

**Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, harassing. To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced. Further, such information may be subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.**

**Notwithstanding the foregoing objections, and without waiver of same: attached.**

15.     Please produce Defendants' Contracts relating to the manufacturing of any Tobacco Product.

RESPONSE:

**Objection, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.  Defendants are not subject to a noncompetition restriction, and nothing in Plaintiff's allegations precludes Defendants from engaging in a competitive business. Plaintiffs may not use this litigation as a guise to obtain customer lists and other**

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 22

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

confidential information. **To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced. To the extent such information may be produced, it is subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

16.     Please produce Contracts (other than the employment contracts for Wheeler and James attached as Exhibit 1 to the Complaint) relating to King Mountain.

RESPONSE:

**Objection, vague. In addition, such documents are likely in the custody/control of Plaintiff itself.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

17.     Please produce Defendants' travel records relating to the Tobacco Product Business.

RESPONSE:

**Objection, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and harassing. In addition, the definition of "Tobacco Products Business" is inherently overbroad and potentially captures aspects of Defendants'**

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 23

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**business unrelated to this lawsuit.  To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced. To the extent such information may be produced, it is subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

18.    Please produce those documents evidencing any employment, consulting relationship, or similar affiliation between (i) Defendants and any of (ii) Gretchen Cox, Kai Gachupin, Tiburcio Rodriguez, or Katie Fiander.

RESPONSE:

**See attached.**

19.    Please produce those documents (including task orders, invoices, and records of payments) evidencing any payments relating to Gretchen Cox or Kai Gachupin.

RESPONSE:

**Objection, overbroad, not reasonably calculated to lead to the discovery of admissible evidence.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

20.     Please produce Defendants' communications with Gretchen Cox, Kai Gachupin, or Yakima Valley Transportation LLC (including Antonio Serrano) relating to this dispute, including telephone records of same.

RESPONSE:

**Objection, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The phrase "relating to this dispute" is unclear, undefined, and overly broad.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

21.     Please produce Defendants' communications with Tiburcio Rodriguez and Katie Fiander, from August 20, 2018 until they were hired or otherwise affiliated with Defendants.

RESPONSE:

**Objection, vague, overbroad. "otherwise affiliated with" is vague and admits of multiple definitions. Without further guidance from Plaintiffs as to the meaning of this term, it will be disregarded.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

22.     Please produce those documents relating to all work done by Mario Delgado on behalf

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 25

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1  of Lone Warrior.

2      RESPONSE:

3
4      **See attached.**

5

6      23.     Please produce those documents prior to September 8, 2018, regarding all work done

7  by Tiburcio Rodriguez on behalf of Lone Warrior.

8
9      RESPONSE:

10     **See attached.**

11

12     24.     Please produce Lone Warrior's retainer agreements with Barnhouse Keegan Solimon

13
14 & West.

15     RESPONSE:

16     **Objection. This request invades the attorney-client privilege.**

17

18

19     25.     Please produce Defendants' communications with Global Ventures from July 24,

20 2018 until the present.

21     RESPONSE:

22
23     **See attached.**

24

25

26



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

26.     Please produce Defendants' communications with Jamie Aburto (including but not limited to documents related to Wheeler's purchase of Jaime Aburto's house) from August 20, 2018 until the present.

RESPONSE:

**Objection. Overbroad, unduly burdensome, harassing. Documents regarding the private transaction between Defendant Wheeler and Jamie Aburto have no bearing on any issue in this lawsuit, the Complaint contains no allegations pertaining to Mr. Aburto, and Plaintiff has utterly failed to explain how any such documents might be reasonably calculated to lead to the discovery of admissible evidence in this case. Further, such a request should be made directly to Defendant Wheeler, not to Lone Warrior/Defendant James.**

**Notwithstanding the foregoing objections, and without waiver of same: attached.**

27.     Please produce Defendants' communications with Jaime Aburto relating Defendants' Tobacco Products Business.

RESPONSE:

**Objection, vague, overbroad. The definition of "Tobacco Products Business" is inherently overbroad and potentially captures aspects of Defendants' business unrelated to this lawsuit.  To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced.  To the extent such**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1  information may be produced, it is subject to the confidential designation under the current

2  stipulated protective order, and may require Attorney's Eyes Only Designation.

3  
4         Notwithstanding the foregoing objections, and without waiver of same: see attached.

5  
6  
7         28.    Please produce those documents evidencing Defendants' purchase, ownership, or

8  
9  control of any machines to manufacture cigarettes, but not limited to any proof of payment, Contracts

10 for purchase, receipts, bills of landing, purchase orders, shipping records, and invoices.

11        RESPONSE:

12        **See attached.**

13 
14 
15        29.    Please produce documents evidencing Defendants' sales, royalties, consulting

16 
17 payments, or any other payments Defendants' received relating to Tobacco Products or their

18 Tobacco Products Business.

19        RESPONSE:

20        **Objection, overbroad, unduly burdensome, harassing. Defendants are not subject to a**

21 **noncompetition restriction, and nothing in Plaintiff's allegations precludes Defendants from**

22 **engaging in a competitive business. In addition, the definition of "Tobacco Products Business"**

23 **is inherently overbroad and potentially captures aspects of Defendants' business unrelated to**

24 **this lawsuit.  Plaintiffs may not use this litigation as a guise to obtain confidential and**

25 
26 

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

proprietary information which could be used by KMT to obtain an unfair competitive advantage against LWH. To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced. To the extent such information may be produced, it is subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.

Notwithstanding the foregoing objections, and without waiver of same:  see attached.

30.    Please produce Defendants' communications with Yakima Valley Transportation LLC (including but not limited to Antonio Serrano) relating to Tobacco Products (including the shipment thereof) or a machine to manufacture cigarettes (including the shipment thereof).

RESPONSE:

Objection, overbroad, unduly burdensome, harassing. n addition, the definition of "Tobacco Products" is inherently overbroad and potentially captures aspects of Defendants' business unrelated to this lawsuit.  Plaintiffs may not use this litigation as a guise to obtain confidential and proprietary information which could be used by KMT to obtain an unfair competitive advantage against LWH. To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced. To the

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1  extent such information may be produced, it is subject to the confidential designation under

2  the current stipulated protective order, and may require Attorney's Eyes Only Designation.

3
4      Notwithstanding the foregoing objections, and without waiver of same:  see attached.

5

6      31.    Please produce those documents (including invoices and task orders) evidencing any

7  payments related to Tobacco Products or Defendants' Tobacco Products Business (including

8
9  documents relating to the sale, licensing fee, royalty fee, consulting payments, or any other payment).

10     RESPONSE:

11     **Objection, overbroad, unduly burdensome. Defendants are not subject to a**

12 **noncompetition restriction, and nothing in Plaintiff's allegations precludes Defendants from**

13
14 **engaging in a competitive business. In addition, the definition of "Tobacco Products Business"**

15 **is inherently overbroad and potentially captures aspects of Defendants' business unrelated to**

16
17 **this lawsuit.  Plaintiffs may not use this litigation as a guise to obtain confidential and**

18 **proprietary information which could be used by KMT to obtain an unfair competitive**

19 **advantage against LWH. To the extent that Plaintiff is seeking records that are unrelated to**

20
21 **the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff,**

22 **and go beyond the scope of discovery, no such records will be produced. To the extent such**

23
24 **information may be produced, it is subject to the confidential designation under the current**

25 **stipulated protective order, and may require Attorney's Eyes Only Designation.**

26     **Notwithstanding the foregoing objections, and without waiver of same: see attached.**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

32.     Please produce those documents evidencing the purchase orders, task orders, receipts, shipping records, and bills of lading relating to Defendants' Tobacco Products Business.

RESPONSE:

**Objection, overbroad, unduly burdensome. Defendants are not subject to a noncompetition restriction, and nothing in Plaintiff's allegations precludes Defendants from engaging in a competitive business. In addition, the definition of "Tobacco Products Business" is inherently overbroad and potentially captures aspects of Defendants' business unrelated to this lawsuit. Plaintiffs may not use this litigation as a guise to obtain confidential and proprietary information which could be used by KMT to obtain an unfair competitive advantage against LWH. To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced. To the extent such information may be produced, it is subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

33.     Please produce Defendants' communications relating to Lone Warrior or any

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

Tobacco Products Business not involving King Mountain prior to August 20, 2018.

RESPONSE:

**Objection, overbroad, vague. The definition of "Tobacco Products Business" is inherently overbroad and potentially captures aspects of Defendants' business unrelated to this lawsuit. In addition, communications with "any" Tobacco Products Business is inherently overbroad in the scope of which businesses and subject matters might be captured (e.g., personal receipts between Defendant and a grocery store which engages in the incidental sale of tobacco products).**

**Notwithstanding the foregoing objections, and without waiver of same:  see attached.**

34.     Please produce those documents evidencing any marketing by Defendants for their Tobacco Product Business, including but not limited to marketing materials for the Mountain Heritage, Rainier, Chieftain, or Yakama.

RESPONSE:

**Objection, Defendants are not subject to a noncompetition restriction, and nothing in Plaintiff's allegations precludes Defendants from engaging in a competitive business.  Plaintiff may not use this litigation as a guise to obtain confidential and proprietary information which could be used by KMT to obtain an unfair competitive advantage against LWH.  To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no**

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 32

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1 **such records will be produced.  To the extent such information may be produced, it is subject**

2 **to the confidential designation under the current stipulated protective order, and may require**

3
**Attorney's Eyes Only Designation.**

4
    **Notwithstanding the foregoing objections, and without waiver of same: see attached.**

5

6

7    35.    Please produce Defendants' communications with the Puyallup Tribe (or any

8 Affiliated Person thereof) relating to Tobacco Products or the Tobacco Products Business.

9
    RESPONSE:

10
    **Objection, vague, overbroad, unduly burdensome. Defendants are not subject to a**

11

12 **noncompetition restriction, and nothing in Plaintiff's allegations precludes Defendants from**

13 **engaging in a competitive business. Plaintiff makes no allegations pertaining to the Puyallup**

14 **tribe in its complaint, nor does Plaintiff attempt to explain how such documents are potentially**

15 **relevant to any claim or defense in this suit. Plaintiffs may not use this litigation as a guise to**

16

17 **obtain confidential and proprietary information which could be used by KMT to obtain an**

18 **unfair competitive advantage against LWH.  To the extent that Plaintiff is seeking records that**

19 **are unrelated to the claims asserted in the Complaint, have no relation to the time-period**

20
**specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced.**

21

22 **To the extent such information may be produced, it is subject to the confidential designation**

23 **under the current stipulated protective order, and may require Attorney's Eyes Only**

24 **Designation.**

25

26

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**In addition, the definition of "Tobacco Products Business" is inherently overbroad and potentially captures aspects of Defendants' business unrelated to this lawsuit.  Again, to the extent such information may be produced, it is subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.**

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

36.     Please produce Defendants' communications with any entity that was, as of August 20, 2018, an existing customer of King Mountain's Tobacco Products from August 20, 2018 to the present.

RESPONSE:

**Objection, Defendants are not subject to a noncompetition restriction, and nothing in Plaintiff's allegations precludes Defendants from engaging in a competitive business.  Plaintiff may not use this litigation as a guise to obtain confidential and proprietary information which could be used by KMT to obtain an unfair competitive advantage against LWH.  To the extent that Plaintiff is seeking records that are unrelated to the claims asserted in the Complaint, have no relation to the time-period specified by Plaintiff, and go beyond the scope of discovery, no such records will be produced.  To the extent such information may be produced, it is subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**Notwithstanding the foregoing objections, and without waiver of same: see attached.**

37.     Please produce those documents relating to your interrogatory responses.

RESPONSE:

**Objection, overbroad, duplicative.**

**Notwithstanding the foregoing objections, and without waiver of same: attached.**

38.     Please produce those documents related to your denial (or otherwise non-admission) of the following paragraphs of the Complaint:

            a.       Paragraph 4.8

            b.       Paragraph 4.15

            c.       Paragraph 4.16

            d.       Paragraphs 4.17-4.18

            e.       Paragraphs 4.19-4.21

            f.       Paragraph 4.23

            g.       Paragraph 4.39

            h.       Paragraph 4.40

            i.       Paragraph 4.41

            j.       Paragraph 4.42-4.50

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1

k.      Paragraph 4.72

2

l.      Paragraph 4.73-4.75

3

4

m.      Paragraph 4.76

5

n.      Paragraph 4.78

6

o.      Paragraph 4.80

7

8

p.      Paragraph 4.83

9

q.      Paragraph 4.84

10

r.      Paragraph 5.4

11

s.      Paragraph 6.3

12

13

t.      Paragraph 6.4

14

u.      Paragraphs 6.6-6.7

15

v.      Paragraph 7.2

16

17

w.      Paragraph 8.1-8.2

18

x.      Paragraph 12.6

19

y.      Paragraph 15.2

20

z.      Paragraph 16.2

21

22

RESPONSE:

23

**Defendants object that this request constitutes an impermissible attempt to require**

24

**Defendants to "put on a dress rehearsal of the trial," and an improper request to Defendant to**

25

26



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**"state evidence upon which he intends to rely to prove any fact or facts."** *See Weber v. Biddle*, **72 Wn.2d 22, 29 (1967).**

**Defendants further object to this request for production as premature contention interrogatory. Contention discovery is properly reserved for use towards the end of the discovery period, and discovery into the issues presented in Plaintiff's complaint is ongoing.** *See In re Convergent Technologies Securities Litigation*, **108 F.R.D. 328,** *passim* **(N.D. Cal. Oct. 28, 1985).**

**Notwithstanding the foregoing objections, and without waiver of same: see attached. Discovery is ongoing and continuous.  This answer will be supplemented as necessary.**

39.    Please produce those documents relating to the following paragraphs of your Counterclaims:

a.    Paragraph 33

b.    Paragraph 43

c.    Paragraph 44

d.    Paragraph 45

e.    Paragraph 48

RESPONSE:

**Defendants object that this request constitutes an impermissible attempt to require Defendants to "put on a dress rehearsal of the trial," and an improper request to Defendant to**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1     **"state evidence upon which he intends to rely to prove any fact or facts."** *See Weber v. Biddle*,

2

3     **72 Wn.2d 22, 29 (1967).**

4         **Defendants further object to this request for production as premature contention**

5     **interrogatory. Contention discovery is properly reserved for use towards the end of the**

6     **discovery period, and discovery into the issues presented in Plaintiff's complaint is ongoing.**

7     *See In re Convergent Technologies Securities Litigation,* **108 F.R.D. 328,** *passim* **(N.D. Cal. Oct.**

8

9     **28, 1985).**

10         **Notwithstanding the foregoing objections, and without waiver of same: see attached.**

11     **Discovery is ongoing and continuous.  This answer will be supplemented as necessary.**

12

13

14

15         40.     Please produce Defendants' communications (including any communication where

16     you disparage or threaten any agent, consultant, attorney, or employee of King Mountain) between

17

18     Defendants and King Mountain (including any employees, consultants, and agents of King

19     Mountain) from August 20, 2018 until the present.

20         RESPONSE:

21

22         **Objection, harassing and misleading. Defendants object to any mischaracterization that**

23     **they "disparage[d] or threaten[ed] any agent, consultant, attorney, or employee of King**

24     **Mountain."**

25

26

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

**Notwithstanding the foregoing objections, and without waiver of same: Defendant is not aware of any responsive communication.**

41.     Please produce communications with all King Mountain customers and prospective customers.

RESPONSE:

**Objection, vague, overbroad, unduly burdensome. In non-exclusive example, "prospective" customers is not defined. Any potential customer for tobacco products in the open marketplace is a "prospective" customer of KMT, even if that "potential customer" never once interacted with KMT in any way. Defendants are not subject to a noncompetition restriction, and nothing in Plaintiff's allegations precludes Defendants from engaging in a competitive business. Plaintiffs may not use this litigation as a guise to obtain customer lists and other confidential information. To the extent such information may be produced, it is subject to the confidential designation under the current stipulated protective order, and may require Attorney's Eyes Only Designation.**

**In addition, this request lacks any temporal limitations, nor does it distinguish between "current" and "former" customers of KMT. Notwithstanding the foregoing objections, and without waiver of same: see attached.**

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

# I.GENERAL DEFINITIONS

A.      The term "document" means all written or graphic matter, however produced, or reproduced, of every kind and description in your actual or constructive possession, custody, care or control. This includes the complete original (or complete copy if the original is not available) and each non-identical copy regardless of origin or location, including drafts.  "Document" is intended to have the same meaning as in CR 34, including, without limitation: writings, correspondence, electronic mail (e-mail) messages, Internet messages, text messages, instant messages, web pages, voicemails, information on Blackberry, iPhone, Android, Palm™ Pilots, iPads, or similar handheld digital assistants, smart phones, facsimiles, books, pamphlets, periodicals, reports, blueprints, sketches, laser discs, magnetic discs, magnetic strips, microfiche, invoices, statements, minutes, purchase orders, contracts, vouchers, checks, charge slips, expense account reports, hotel charges, receipts, working papers, memoranda, messages, notes, envelopes, business records, financial statements, agreements, leases, drawings, graphs, charts, drafts, maps, surveys, plats, statistical records, cost sheets, calendars, appointment books, diaries, time sheets or logs, telephone records or logs, facsimile logs, photographs, sound tapes or recordings, films, tapes, computer printouts and any other data, including without limitation, data stored electronically or by other technical means for use with computers or otherwise from which information can be obtained or translated through detection devices into reasonable usable form, or any other tangible thing that constitutes or contains matters contained within the scope of CR 26(b)(1).  Documents should be produced in their native form.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

Please note that documents may appear to have been "deleted" from a desktop computer; however, they are not necessarily irretrievable.

B.      The term "communication" shall include every means or manner of meeting, telephone call, conversation, letter, email, text messages, posting on social media, memorandum, voicemail, document, notes or logs documenting communications, or other form of communication, whether verbal or nonverbal.

C.      The phrases "identify" or "describe" mean to set out every aspect of every fact, circumstance, act, omission, or course of conduct known to the party to whom these requests are directed and relating in any way to the matter inquired about, including, without limitation, the date and place thereof, the identity of each person present thereat, connected therewith, or who has knowledge thereof, the identity of all writings relevant thereto, and if anything was said by any person, the identity of each such person and each such oral statement, and, if the oral statement in whole or in part constituted or was contained or reported, summarized, or referred to in any writing, the identity of each such writing.

D.      The words "concerning" (and its variations), "regarding" (and its variations) and "relating" (and its variations) and "referring" and "reflecting" are used in their broadest sense and mean constituting, defining, containing, embodying, identifying, stating, supporting, concerning, dealing with, or in any way pertaining to.

E.      The term "King Mountain" shall mean plaintiff King Mountain Tobacco Company, Inc.; the term "Lone Warrior" defendant Lone Warrior Holdings, Inc., including any Affiliated

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

Persons; the term "Wheeler" means defendant Kamiakin Wheeler, including any Affiliated Persons (including any entities owned or controlled by Wheeler); the term "James" means defendant Kanim James, and any Affiliated Persons; and the term "Defendants" means defendants Lone Warrior, Wheeler, and James.

F.      The term "SIRCO" shall mean the Susanville Indian Racheria Corporation (as referenced in paragraph 4.13 of the Complaint) and shall include all Affiliated Persons; the term "Diamond Mountain Manufacturing" shall mean Diamond Mountain Manufacturing, LLC (as referenced in paragraph 4.13 of the Complaint) and shall include all Affiliated Persons; and the term "Diamond Mountain Distributing" shall mean Diamond Mountain Distributing, an affiliated entity with SIRCO and Diamond Mountain Manufacturing and shall include all Affiliated Persons.

G.      The term "Jacobs" shall mean Jacobs Tobacco Company (as referenced in paragraph 4.23 of the Complaint) and shall include all Affiliated Persons.

H.      The term "ERW" shall mean ERW Enterprises, Inc., ERW Wholesale, Iroquois Wholesale, or Eric R. White (including any Affiliated Person of these persons).

I.      The term "Contracts" shall be given the broadest meaning possible, and refer to any agreement (whether written or oral).

J.      The term "Tobacco Product" shall be given the broadest meaning possible, including but not limited to cigarettes, tobacco for use in rolled cigarettes, and any other product containing tobacco.

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 42

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

K.      The term "Tobacco Product Business" means any business involved in Tobacco Products, including but not limited through the sale of Tobacco Products, distribution of Tobacco Products, licensing of Tobacco Products, marketing of Tobacco Products, or consulting with respect to any aspect of Tobacco Products.

L.      The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

M.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

N.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

O.      The use of the word "including" shall not be interpreted as a limitation and, instead, shall be interpreted as "including but not limited to."

P.      The use of the singular form of any word includes the plural and vice versa.

Q.      The term "Affiliated Person" includes all employees, consultants, agents, representatives, entities, subsidiaries, parents, or other persons acting by or on your or a person's behalf.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## II.  INSTRUCTIONS WITH RESPECT TO INTERROGATORIES

A.      Pursuant to CR 26 and 33, you are requested and required, within thirty (30) days after service of these Interrogatories, to serve upon Curt Roy Hineline, Baker & Hostetler LLP, 999 Third Avenue, Suite 3600, Seattle, WA 98104, answers or objections to the Interrogatories propounded in the manner, substance, and form provided for in CR 33.

B.      If you are unable to answer the Interrogatories completely, please so state and answer to the extent possible, setting forth the reasons for your inability to answer more fully, and state whatever knowledge or information you do in fact have concerning the unanswered portion(s).

C.      Whenever you are asked the identity of or to identify a person or entity, and whenever an answer to an Interrogatory contains a reference to a person or entity, please state with respect to each such person:

1.   Its, his or her name and contact information including current and former residence addresses, telephone numbers, and emails;

2.   Its, his or her current business affiliation and titles;

3.   Its, his or her current and past business addresses; and

4.   the business affiliation, business address, and the current title of such person or entity with respect to the business, organization, or entity with which he or she was associated and the capacity in which he or she acted in connection with the subject matter of these interrogatories.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

D.     Whenever you are asked the identity of or to identify a document, and whenever you refer to a document, or whenever the answer to an Interrogatory contains a reference to a document, please append a copy of the document to your answers to these Interrogatories.  If you are unwilling to do so, with respect to each document, please state the following:

1.    its nature (*e.g.*, letter, memorandum, photograph, etc.);

2.    its title or designation;

3.    the date it bears;

4.    the name, title, business affiliation, and business address of the person preparing it and the person executing it;

5.    a statement of the subject and substance of the document;

6.    a precise description of the place where such document is presently kept, including:

   a.   the title or the description of the file in which such document would be found, and

   b.   the exact location of such file;

7.    the name, title, business affiliation, and business address of each person who presently has custody of such document; and

8.    whether you claim any privilege as to such document and, if so, a precise statement of the facts upon which said claim of privilege is based.

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

E.     Unless otherwise stated, the time period for these discovery requests is July 1, 2016 until the present.

F.     Unless otherwise stated, each interrogatory is directed towards each Defendant.  Each Defendant shall provide his or its own answer and verification.

### III.     INSTRUCTIONS WITH RESPECT TO REQUESTS FOR PRODUCTION

A.     Pursuant to CR 26 and 34, the requested documents and things should be served no later than thirty (30) days after service hereof.  Please deliver the requested documents and things to Curt Roy Hineline, Baker Hostetler LLP, 999 Third Avenue, Suite 3600, Seattle, WA 98104.

B.     You are requested to produce all documents as they are kept in their native form in the ordinary course of business, with any identifying labels, file markings, or similar identifying features.

C.     If any portion of a document is responsive, produce the entire document.

D.     If there are no documents responsive to any particular request, state so in writing.

E.     If any document is withheld from production on the ground of privilege: (1) identify the nature of the privilege (including work product) which is being claimed; and (2) provide the following: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author, addressee(s), and recipient(s) to each other.

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 46

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

F.      If any document called for in any of the Requests for Production has been destroyed, lost, misplaced, stolen, or for some other reason is no longer within your custody or control, please provide the following: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the names and addresses of all persons or entities that received a copy of the document; (v) to the best of your recollection, a summary of the information, in as much detail as possible, contained in the document, (vi) the reason for the destruction, loss, misplacement, theft, or other explanation by which the document is no longer in your possession, custody, or control, and (vii) whether any other document exists that pertains to or references the destroyed, lost, misplaced, stolen, or otherwise missing document.

G.      Unless otherwise stated, the time period for these discovery requests is July 1, 2016 until the present.

H.      Unless otherwise stated, each request for production is directed towards each Defendant.

### IV.      DUTY TO SUPPLEMENT RESPONSES

CR 26(e) imposes upon you an affirmative duty to supplement any of your responses to the foregoing discovery requests in the event that you should subsequently discover that any of your responses are incorrect, incomplete, misleading, or no longer correct, or in the event you acquire access to any documents, things, or information prior to the time of the trial that would make any of your initial Answers and Response to any of these discovery requests incorrect, misleading, or incomplete in light of such additional documents, things, or information.

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE
WARRIOR - 47

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1 | DATED this 11th day of March, 2020.

2 | Respectfully submitted,

3 | **BAKER & HOSTETLER LLP**

4 |

5 | *s/ Curt Roy Hineline*

6 | Curt Roy Hineline, WSBA No. 16317

7 | 999 Third Avenue, Suite 3600
Seattle, WA 98104-4040

8 | Tel: (206) 332-1101
Fax: (206) 624-7317

9 | chineline@bakerlaw.com

10 | *Attorney for Plaintiff*

11 | Paul Levine
Marc Antonetti

12 | Washington Square

13 | 1050 Connecticut Ave N.W. Suite 1100 Washington, DC 20036-5403

14 | Tel: (202) 861-1500

15 | Fax: (202) 861-1983

16 | pmlevine@bakerlaw.com
mantonetti@bakerlaw.com

17 | *Pro Hac Attorneys for Plaintiff*

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LONE WARRIOR** - 48

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1

## **ATTORNEY CERTIFICATION**

2

3

The undersigned attorney certifies that he or she has read Defendant's answers and responses

to Plaintiff's First Set of Interrogatories and Requests for Production and they are in compliance with

4

CR 36.

5

6

7

8



9

10

_____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

DocuSign Envelope ID: 8717C13C-4044-468A-897E-DEB91A6A3F5C

1

## **VERIFICATION**

2

Kamiakin Wheeler declares and says:

3

4

I am an officer for Defendant Lone Warrior Holdings, Inc. in the above-entitled cause; I have

5

read the foregoing Interrogatories and Requests for Production, know the contents thereof, and

6

believe the same to be true.

7

I declare under penalty of perjury under the laws of the State of Washington that the foregoing

8

9

is true and correct.

10

SIGNED at Yakama Indian Reservation, this 27th day of May, 2020.

11

12



13

_____                     _____

14

Kamiakin Wheeler
Title: Officer

15

16

17

18

19

20

21

22

23

24

25

26

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

1

2
## DECLARATION OF SERVICE

3
Mark A. Washburn, under penalty of perjury under the laws of the State of Washington,

4

5
hereby declares that on this 27th day of May, 2020, I caused a copy of the foregoing document to be

6
delivered via e-mail to the following attorneys of record:

7
Paul M. Levine

8
Marc Antonetti
Curt Roy Hineline

9
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600

10
Seattle, WA  98104-4040

11

12
DATED and SIGNED this 27th day of May 2020, at Seattle, Washington.

13

14

15
*s/Mark A. Washburn*
MARK WASHBURN

16
Paralegal

17

18

19

20

21

22

23

24

25

26

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563